### 21056. HAIRE *v.* THE STATE.

*W. I. Geer,* for plaintiff in error.

*J. A. Drake, solicitor,* contra.

LUKE, J. The accusation charges Blackshear Haire with possessing apparatus for manufacturing whisky. When the case came on for trial on October 15, 1930, in the city court of Miller county, the defendant filed his written demand for indictment by the grand jury of Miller county. Movant's exception to the overruling of the demand presents the first question for our consideration.

Section 23 of the act establishing the city court of Miller county (Ga. L. 1908, p. 187) provides that "defendants in criminal cases in said city court of Miller county may be tried on written accusation founded on affidavit other than the solicitor of said court, which accusation shall also be signed by the prosecutor. No person charged with an offense within the jurisdiction of said city court shall have the right to demand indictment by the grand jury of Miller county before trial." This section of the act was amended by section 3 of the act of 1909 (Ga. L. 1909, p. 276), to read that "defendants in criminal cases in said city court of Miller county may be tried on written accusation framed and signed by the solicitor of said court. No person charged with an offense within the jurisdiction of said city court shall have the right to demand indictment by the grand jury of Miller county before trial."

We come next to the act of 1929 (Ga. L. 1929, p. 466), purporting to amend the said act of 1909 which amends the act of 1908. We quote the following sections of the act of 1929: "Sec. 2. Be it further enacted by the authority aforesaid, that section 3 of the Act of 1909, page 276 of the Georgia Laws be amended by striking the first 12 lines of section 3 down to and including the word 'court' in the 12th line of section 3 of the Act of 1909, and restoring section 23 of the Act of 1908, page 187-188 of the Georgia· Laws for that year to the original Act of 1908.

"Sec. 3. Be it further enacted by the authority aforesaid that section 3, page 276, of the Acts of 1909, be amended by striking the word 'No' in the twelfth line thereof and substituting therefor

the letter 'A,' so that section 3 of the Act of 1909, page 276, will read thus: 'A person charged with an offense within the jurisdiction of said city court shall have the right to demand indictment by the grand jury of Miller County, Georgia, before trial.'

"Sec. 4. Be it further enacted by the authority aforesaid, and it is hereby enacted by the authority of the same, that section 3 and section 23 of the Acts of the General Assembly of Georgia for the year 1908, which act was approved on August 8, 1908, which created the city court of Miller county, are hereby restored to the Acts of 1908 as originally passed by the General Assembly in 1908, and said sections are to read as they originally read in the original act of 1908, and that section 3 is found on page 180 and section 23 on page 187-188, of Georgia Laws for 1908."

Sec. 5 of this act contains the usual provision that "all laws and parts of laws in conflict with this act be and the same are hereby repealed."

Section 2 of the act of 1929 undertakes to restore section 23 of said act of 1908 precisely as it was originally; section 3 undertakes to so amend section 23 of the original act as to allow a demand for an indictment by defendants in the city court of Miller county; and section 4 undertakes to restore section 23 of said act of 1908. Were there ever so many contradictions in one short act? It appears certain that in cases like this the following rule applies: "When there is a conflict between two parts of a single act, the latest in position will be declared to be the law, as from its position it is presumed to be the last expression of the legislative will." *Lamar* v. *Allen,* 108 *Ga.* 158, 164 (33 S. E. 958); *Gilbert* v. *Ga. R. &c. Co.,* 104 *Ga.* 412 (30 S. E. 673). Therefore we hold that section 4 of said act of 1929 prevails. We are further of the opinion that said section is sufficiently specific and clear as to the amendment to be made. We therefore hold that the trial judge did not err in overruling defendant's demand for an indictment by the grand jury.

We come next to the exception to the overruling of the defendant's demurrer to the accusation, which demurrer is substantially as follows: (1) The accusation fails to show that it was founded on an affidavit other than that of the solicitor of said city court of Miller county, and it does not set forth who the prosecutor was, if any, outside of the said solicitor. (2) It is nowhere alleged in the

accusation that it was founded on an affidavit other than that of the solicitor of the city court of Miller county, Georgia. (3) The accusation fails to show upon whose affidavit it was founded.

The accusation is signed by the solicitor and B. E. Houston, the prosecutor, and specifically states that it is based "upon the affidavit hereto attached." The affidavit referred to in the accusation covers the precise offense set out in the accusation, and is made by B. E. Houston. Clearly the accusation complies with the requirements of the law, and the demurrer was properly overruled.

The motion to quash the accusation raises no question that it was not presented by the said demurrer, and the court did not err in overruling it.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*