21210. MAPLES *v.* THE STATE.

DECIDED MAY 12, 1931.

*P. Z. Geer,* for plaintiff in error. *J. A. Drake, solicitor,* contra.

LUKE, J. The accusation charges that Gary Maples "did, with intent to defraud, make, draw, utter and deliver the check hereto attached and made a part of this accusation to J. R. Williams for money and other things of value, and signed the name Mary Widner,

knowing at the time of such making, drawing, signing, uttering, and delivering said check that Mary Widner did not have sufficient funds in or credit with said bank to cover payment of said check upon its presentation." The defendant was convicted, and the record raises only two questions for the consideration of this court: first, whether or not the trial judge erred in overruling the defendant's written demand for an indictment by the grand jury; and, second, whether or not he erred in overruling the general grounds of the motion for a new trial.

It having been held in the recent case of *Haire* v. *State*, 43 *Ga. App.* 105 (157 S. E. 909), that a defendant charged with a misdemeanor in the city court of Miller county has not the right to an indictment by the grand jury, the first question presented for decision is decided adversely to the contention of plaintiff in error.

The gist of J. R. Williams' testimony is that, in the presence and at the request of the defendant, the defendant's wife signed said check in the name of Mary Widner in payment of defendant's account with witness; that defendant had previously given witness checks on the same person, and that they had always been paid; that the check in question was "turned down" and returned to him, and was not paid, and that Mary Widner had no account with witness. The defendant stated that he was not present when his wife gave the check to Williams to be held until his grandmother's pension check came in to take it up; that said pension check was delayed in arriving, and Williams swore out the warrant before the check came; and that the check was his grandmother's, and he had nothing whatever to do with it. The only insistence in counsel's brief under the general grounds of the motion for a new trial is that the "worthless check" act was not violated, for "the evidence showed that the check . . was drawn on a third party, namely Mary Widner." The testimony of Williams follows very closely the accusation, which was drawn under the banking act of 1924 (Ga. L. 1924, p. 194; Park's Code Supp. 1926, § 202 (hh)). The act contains this provision: "The making, drawing, uttering or delivering of such check, draft, or order as aforesaid shall be prima facie evidence of intent to defraud." The jury having seen fit to accept Williams' version of the transaction, this court is constrained to hold that the evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*