Richardson *v.* Hittle.

*J. H. Stotsenburg, T. M. Brown,* and *J. Reid,* for appellants.

*G. V. Howk, R. M. Weir, J. G. Howard,* and *J. F. Read,* for appellee.

---

RICHARDSON *v.* HITTLE.

DURESS.—*Pleading.*—An answer setting up coercion must aver the facts constituting it.

SAME.—*Husband and Wife.*—Much less force or putting in fear by a husband will amount to coercion which will avoid the deed of his wife than would be necessary coming from a stranger.

SAME.—*Wife's Separate Property.*—*Mortgage.*—Suit upon a note payable in bank and a mortgage to secure the same, executed by husband and wife and assigned to the plaintiff. Answer by the wife, showing that the note and mortgage were given for the debt of the husband, and that the land mortgaged was the separate property of the wife, and averring, "that she was induced by the persuasions of said payee and the coercion of her said husband to execute said note and mortgage."

*Held,* that the answer was bad on demurrer.

APPEAL from the Decatur Common Pleas.

GREGORY, J.—Suit by Hittle against the appellant, Mary

Ann Richardson, and her husband, on a note and mortgage executed by the husband and wife to one Carpenter, and by the latter assigned to the appellee. The note is payable at the First National Bank of Greensburg. The mortgage bears date the 20th of March, 1867. A notary public certifies, that the appellant, "Mary A. Richardson, personally appeared and acknowledged the execution of the annexed mortgage." The certificate is signed by the notary and his official seal is attached.

The appellant answered in two paragraphs. The first need not be noticed, as no point is made on it. The second avers, "that at the time of the making of the note and mortgage sued on, she was, and still is, the wife of William H. Richardson, her co-defendant; that said note and mortgage were made to said payee thereof by said William H. Richardson on a contract for the purchase of an interest in a certain patented invention purchased by said William H. Richardson from said payee of said note, and for no other cause or consideration whatever; that the lot of land mentioned and described in said mortgage then was, and still is, the separate property of her, said Mary Ann Richardson, the fee simple title thereof being in her and acquired by her prior to her marriage with said William H. Richardson; and that she was induced by the persuasions of said payee and by the coercion of her said husband to execute said note and mortgage."

The court sustained a demurrer to this paragraph; and this presents the principal question in the case.

It is urged that the paragraph is bad, for not averring the facts which constituted the coercion.

Fraud, duress, and coercion, are alike made up of distinct facts, and all may vary greatly in their circumstances. It has been repeatedly ruled by this court, that an answer setting up fraud must aver the facts, and that an answer averring fraud without stating the facts constituting it is bad on demurrer. There is no difference in principle, as to

pleading, between fraud and coercion. Mr. Chitty, in his forms, states the facts which constitute duress. 3 Chit. Pl. 964, *et seq.* So are all the precedents.

It is undoubtedly true, as contended for by counsel for the appellant, that much less force or putting in fear by the husband would amount to coercion which would avoid the deed of the wife than would be sufficient coming from a stranger; and for this very reason the facts should be averred, so that the court could determine the question as to whether they amounted to legal coercion or not.

The court committed no error in sustaining the demurrer. Judgment affirmed, with costs.

*C. & J. K. Ewing* and *J. S. Scobey,* for appellant.

*B. W. Wilson* and *E. R. Monfort,* for appellee.