# Wytheville.

## GREEVER AND OTHERS v. BANK OF GRAHAM.

### JUNE 27, 1901.

1. APPEAL AND ERROR—*Exclusion of Evidence—Answer of Witness.*—The refusal of a trial court to permit a witness to answer a question will not be considered in this court when the expected answer is not given, as the court cannot determine its materiality.

2. EVIDENCE—*Relevancy—Declaration of Officer of Corporation.*—The declarations of the cashier of a bank, made after the acceptance of a note by the bank, touching the conditions upon which the note was delivered to the bank, are irrelevant and immaterial, where it appears that he was not present when the negotiations took place.

3. INSTRUCTIONS—*Fully Instructed—Different Phases of Defence—Case at Bar.*—Where there are but two phases of defence, and the jury has been fully informed by one instruction upon both, it is unnecessary to repeat in another instruction anything theretofore stated for the guidance of the jury with respect to either phase of defence. In the case at bar, the plaintiffs in error could not have been prejudiced by the instructions given.

Error to a judgment of the Circuit Court of Tazewell county, rendered September 6, 1900, in an action of *assumpsit,* wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Affirmed.*

The twelfth question and answer referred to in the opinion of the court were as follows:

"Q. 12. Did you ever hear any official of the Bank of Graham, after you had delivered said note to A. St. Clair, make any

statement as to this note; if so, please state who it was made such statement and what was said?

"Ans. I had an interview with the cashier, Mr. Wilson, and he said that the note was forfeited, and he had told Mr. A. St. Clair the same. He knew the conditions upon which I had delivered the said note."

*Chapman & Gillespie,* and *Henry & Graham,* for the plaintiffs in error.

*J. W. Hicks* and *S. W. Williams,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The petitioners to whom this writ of error was awarded were the endorsers upon a certain negotiable note held by the Bank of Graham, and the judgment complained of was for $1,044.60, the balance due on that note. The defence made by the endorsers, as shown by their "statement of defence," filed in response to the demand of the plaintiff bank, was that the note sued on was endorsed by them upon certain conditions which the bank did not perform, and therefore that the note never became operative and binding upon the endorsers. The bank denied the position taken by the endorsers, and insisted that it was the *bona fide* holder for value of the note, in due course of business, and without notice of the alleged conditions.

It appears from the record that, in November, 1892, the West Graham Wood Working Company executed a deed of trust upon certain real and personal property to secure to the Bank of Graham the payment of a note for $5,000, made by the Graham Wood Working Co. That note provided on its face that, whenever additional collaterals should be required by the bank, the maker would furnish the same. The bank became dissatisfied with its security, and was pressing J. B. Greever, the president of the debtor company, and its chief owner, for additional col-

lateral. Under these circumstances, J. B. Greever proposed to
Alex. St. Clair, the president of the bank, that he would furnish
two well endorsed notes, one for $1,000, and the other for
$4,000, in lieu of the $5,000 note, if the bank would release
the deed of trust. St. Clair agreed to this, if notes satisfactory
to the bank were furnished. When the notes were presented,
the president of the bank refused to accept the $4,000 note and
release the deed of trust, saying that he did not know any of
the endorsers except J. A. Greever, but offered to take the notes
as additional collateral security. Thereupon J. B. Greever stated
that he would see J. A. Greever, one of the endorsers. In a few
days J. B. Greever returned and delivered the notes to the bank
as additional collateral security for the deed of trust debt, as
shown by a cotemporaneous assignment in writing executed by
him.

The endorsers claim that their names were secured upon the
$4,000 note by Greever, upon condition that the deed of trust
would be released, thereby enabling Greever to sell the property
to better advantage than could be done under the deed of trust.

We are of opinion that the court did not err in refusing to
allow the witness, St. Clair, to answer the question propounded
by the defendants calling for the opinion of the witness as to
the value of the property conveyed by the deed of trust during
the years 1892-'3. If this question had indicated a pertinent
enquiry, the objection could not be considered for the reason
that the answer expected is not given, and therefore the court
could not determine its materiality. The witness might have
answered that he did not know the value of the property.

We are further of opinion that the court did not err in refus-
ing to allow the twelfth question and answer in the deposition
of J. B. Greever to be read to the jury, which would have put
before the jury an opinion alleged by the witness to have been
expressed to him by the cashier of the bank, after the transaction

under consideration, touching the bank's legal rights in the premises. The cashier was not a party to the transaction, and was not present when the negotiation took place. If he ever said what the witness credits him with saying, it was wholly irrelevant, and could in no way affect the rights of the bank.

We are further of opinion that there was no error to the prejudice of the defendants in the three instructions which the court gave, nor in the rejection of the two instructions offered by them.

The second instruction given by the court informed the jury clearly that if they believed from the evidence that J. B. Greever made a fraudulent application of the note sued on for a purpose different from that for which it was entrusted to him, or that he negotiated the same in violation of the conditions upon which he obtained it; that the plaintiff could not recover if they further believed from the evidence that at the time of the negotiation and purchase of the note the bank had notice that Greever was making such fraudulent application, or was negotiating the note in violation of such conditions.

The third instruction was evidently intended to inform the jury as to the evidence they were entitled to consider, and its relevancy in this class of cases. The instruction, however, begins by reiterating what was said in the second instruction as to the fraudulent application of the note, and omits any reference to the violation of the conditions upon which it was obtained; thus, it is contended, giving greater prominence to the defence that the note had been used in fraud of the rights of the endorsers, than to the defence that its use was a violation of the alleged conditions upon which the note was endorsed. It is suggested that the giving of this third instruction made it incumbent upon the court to give the first instruction offered by the defendants which reiterated what had been said in the court's second instruction touching the alleged conditions.

The second instruction fully informed the jury upon both

phases of the defence, and it was wholly unnecessary to repeat in the court's third instruction anything theretofore stated for the guidance of the jury with respect to either phase of the defence. Under the circumstances of this case we do not see that the defendants could have been prejudiced by the third instruction given by the court. Indeed, it is difficult to perceive how any other proper verdict could have been rendered.

The judgment must be affirmed.

BUCHANAN, J., dissenting:

I concur in the opinion of the court upon the assignments of error as to the rulings of the Circuit Court upon the admission and rejection of evidence, but I dissent in so far as it holds that the Circuit Court did not err in giving instruction No. 3 for the plaintiff, and in refusing to give instruction numbered four by the defendants.

By instruction No. 2 given for the plaintiff, the jury were told that if they believed that the maker of the note sued on fraudulently applied it to a purpose different from that for which it was entrusted to him, or that he negotiated it in violation of the conditions upon which he obtained it, and that the plaintiff had notice that he was making a fraudulent use of it or was delivering it in violation of the conditions upon which he obtained it, the plaintiff was not entitled to recover.

Instruction No. 3 given for the plaintiff, told the jury in effect that although they believed that the note was obtained by fraud, or was sued for a fraudulent purpose, yet if they believe that the plaintiff took the note in good faith and without notice, they must find against the defendants, wholly omitting any reference to the other defence that the note was negotiated in violation of the conditions upon which it was procured, which, if proved, would have entitled the defendants to a verdict, although they failed to make good the other defence.

A jury, in my judgment, is erroneously instructed who are

told in one instruction that if they believe that if either of two defences are made out by the evidence they must find for the defendants, and in another instruction are told that if they find that one of the defences is not made out they must find for the plaintiff.

The defendants' instruction numbered 4 was, I think, a correct statement of the law and ought to have been given, especially after plaintiff's instruction No. 3 was given.

I think a new trial should be awarded.

*Affirmed.*