## ROLAND *v.* ROLAND.

1.  Where a wife sought to have a deed made by her to her husband cancelled as a cloud on her title, on the ground that a sale and conveyance made by a wife to a husband was void, but failed to allege that the conveyance was not confirmed by the superior court, the petition, in so far as it rested on that ground, was demurrable.

2.  A mere general allegation in a petition brought by a wife against her husband, for the purpose of cancelling a deed, that she could not say whether or not such a deed was made, as she was acting under the fear and coercion of her husband, but, if it was made, it was void under the laws of the State, was insufficient as a basis for equitable relief, and was demurrable.

3. Although a principal defendant in an equitable action may be a non-resident of the State, yet if he is within the jurisdiction of the court and is personally served with process, the action will not be dismissed on the ground that the defendant against whom substantial relief is prayed does not reside in the county where the suit was brought.

4. Under the Civil Code, § 2490, the authority to allow a sale made by a wife to her husband is conferred on the superior court, not upon the judge of that court in vacation.

Argued April 7,—Decided November 21, 1908.

Equitable petition. Before Judge Mitchell. Colquitt superior court. October 10, 1907.

Uretta Roland brought her equitable petition, in the superior court of Colquitt county, against G. W. Roland, alleged to be a citizen and resident of the State of Florida, and Tommy Matthews, a citizen and resident of the county of Colquitt, alleging, in brief, as follows: Roland is her husband, having married her in 1886. For a long time she has been the owner in fee simple of a described tract of land. She is also the owner of certain stock used on the farm. During the month of August, 1905, Roland having a short time before gone to Florida, and having rented the land to Matthews without her consent, she filed an equitable petition in the superior court of Colquitt county in order to secure her rights in the matter and the rents of the land. About Christmas, 1905, Roland returned to Colquitt county, and sometime about the first of January, 1906, went to the place where she was staying and told her that she had to settle the suit against him, and that he would force her to convey to him the land. In order to carry out his scheme he made these threats to her, and, taking her in his buggy, carried her to Moultrie, where "he secured her to sign" some paper by which her said case was dismissed from the superior court. In doing this she was acting under the coercion of Roland, against her will. She is informed that Roland claims that about the tenth day of January, 1906, she made a deed selling and conveying to him the land. She can not say positively whether or not such deed was made, as she was acting under the fear and coercion of Roland; but she asserts that if such deed were made, it is void under the laws of this State. While under the laws of Georgia a deed from a wife to a husband is void, and while the deed from her to her husband would be void on account of fraud, she is informed and believes that he is proceeding to claim the land and is trying to sell it in order to put it into the hands of innocent purchasers. The deed is

a cloud on her title, and she desires to have it cancelled as such. The other defendant, Matthews, is in possession of the land, and she desires to have him restrained from paying over any money for rents to any one but herself. She and her husband have been living apart since July 5, 1905, and he has made no provision at all for her. He is also in possession of a sewing machine belonging to her, which he has refused to deliver to her, though she has made demand therefor. She desires not to be molested or interfered with in any way by Roland, and "prays an order of this court preventing said G. W. Roland from interfering with her or coming where she is." She further prayed an injunction against Roland, to prevent him from selling or attempting to sell the land and from disposing of the property described; that he "be restrained from interfering with or speaking to the petitioner;" that a receiver be appointed to "collect all of said property" and hold it subject to the order of the court; that she have judgment "for whatever sum may be meet and proper;" that the deed from her to her husband be cancelled as a cloud on her title; and for process.

By amendment the plaintiff attached to her petition a copy of the deed made to her husband by her. It was dated January 10, 1906, and purported to be for a consideration of $500.00. The defendant, Roland, demurred to the petition. The demurrer was overruled, and he excepted.

*J. A. Wilkes,* for plaintiff in error. *Shipp & Kline,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1, 2. The plaintiff appears to have proceeded on two theories: First, that a deed of bargain and sale by a wife to her husband was void, and should be cancelled as a cloud on her title. A sale by a wife to her husband must be allowed by the superior court. Civil Code, §§ 2490, 3188. The deed here concerned recites a consideration, and the petition does not negative such recital. Nor does it allege that there was no allowance of the sale by the court. If the allegations of the petition are to be construed as intending to allege that no consideration was paid, then the deed was apparently a deed of gift, which has been held to require no order of court to render it valid. *Cain* v. *Ligon,* 71 *Ga.* 692 (51 Am. R. 281); *White* v. *Stocker,* 85 *Ga.* 200 (11 S. E. 604); *Hadden* v. *Larned,* 87 *Ga.* 641 (13 S. E. 806). On the general theory that a sale and conveyance by a wife to her husband is void, the petition was demurrable.

The other theory was that the deed from the wife to her husband was induced by fraud or duress. But while the words "fraud" and "duress" are used, there is no sufficient allegation of facts in the petition to show any fraud or duress at the time of the making of the deed. It is alleged in a somewhat vague and general way that the husband carried her in his buggy to the town of Moultrie and "secured her" to sign some paper by which she dismissed a suit previously brought by her, and that he said she had to settle the suit and that he would force her to convey him the land. This is alleged to have occurred about the first of January, while the deed in question is dated January 10th. The plaintiff alleged that she had been living separate and apart from her husband since the preceding July; and there is no allegation sufficient to show any fraud or duress exercised at the time when the deed was executed. Employment of those words alone will not suffice as a basis for equitable relief. Facts must be alleged, not mere conclusions. *Carter* v. *Anderson,* 4 *Ga.* 519; *Anderson* v. *Goodwin,* 125 *Ga.* 664 (8), (54 S. E. 679) ; 7 Enc. Pl. & Pr. 247-8 and citations; Richardson *v.* Hittle, 31 Ind. 119. The allegation that plaintiff's husband is in possession of a sewing machine belonging to her adds no equitable strength to the petition. The prayers are not lacking in the quality of extensiveness, including even one that the defendant, who resides in the State of Florida, should be enjoined from coming where the plaintiff is, and from speaking to her. The difficulty with the petition is that it prays too much and alleges too little.

3. One ground of the demurrer was that the defendant, Roland, was the only defendant against whom any substantial equitable relief was prayed, and that the petition showed that he resided without the county of Colquitt. The petition went further. It showed that Roland resided in the State of Florida. But apparently he was in Colquitt county when the suit was brought, as he was personally served by the sheriff. If he was a non-resident of the State, but was within the jurisdiction where the other defendant resided, and was personally served, the court ought to proceed to a decree.

4. A motion was made by the plaintiff to strike "all the answer of the defendant, relating to the order granted by the judge of the superior court at chambers, authorizing or directing plaintiff to make a deed of conveyance to the defendant," on the ground that "there is no law authorizing a judge of the superior court at cham-

bers to pass such order; and if such order was passed, it was void." This motion was granted, the presiding judge holding that "Said order, if so granted at chambers, as set out in defendant's answer, is void." To this exception was taken. The answer of the defendant was not specified to be sent up as a part of the record, nor was it so sent up. The failure of the petition to make proper allegations can not be cured by recitals in the record, indicating that the answer had set up some character of order. As we hold that the demurrer to the petition should have been sustained, we do not deem it necessary, under the authority which we have, to require the clerk to transmit a certified copy of the answer which was filed, in order that we may pass upon it specifically. As the judgment which was rendered by the court on the subject recites that his ruling was that a judge of the superior court had no authority to pass an order at chambers allowing a sale by a wife to her husband, and this was the order to which exception was taken, we will only say that the legal position announced in the order was correct. It is the superior court, not the judge of the court at chambers, on which is conferred the authority to grant such an order. Civil Code, § 2490. *Judgment reversed. All the Justices concur.*