## Wytheville.

## Triplett and Others v. Second National Bank of Culpeper.

June 14, 1917.

Absent, Burks, J.*

1. Officers and Agents of Private Corporations—*Evidence—Unauthorized Statements of Director.*—Testimony as to statements made by a director of a bank, the holder of a note, to an endorser was properly excluded in an action against the drawer and endorser of the note. There being no suggestion that the director had any authority from the bank to make any special contract or agreement with the endorser, the unauthorized statements of the director could not affect the rights of the bank.

2. Appeal and Error—*Admissibility of Evidence.*—The refusal of a trial court to permit a witness to answer a question will not be considered on appeal when the expected answer is not given, as the court cannot determine its materiality.

3. Suretyship—*Release—Bills, Notes and Checks—Release of Endorser.*—A surety is entitled to be relieved from his liability to pay the debt of his principal, either in whole or in part as the case may be, if the creditor, without the consent of the surety, releases any lien which he may have on any property of the principal as security for the debt, and it is the duty of a creditor holding collateral securities to preserve them and be ready to surrender them to the debtor when he demands payment of the debt. But in the instant case the evidence utterly failed to show that the creditor ever had possession or control of any collateral security for the debt involved or released any lien thereon.

4. Bills, Notes and Checks—*Attorney's Fee.*—A provision on the face of a negotiable note for an attorney's fee for making collection is valid, subject always to the power of the court if the fee be unreasonable in amount or unconscionable, to reduce it.

*Case submitted before Judge Burks took his seat.

Error to a judgment of the Circuit Court of Culpeper county, in an action of debt. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*J. D. Richards* and *Wm. Horgan,* for the plaintiffs in error.

*J. G. Hiden,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The defendant in error, Second National Bank of Culpeper, Virginia, hereinafter called the Culpeper bank, instituted its action of debt against L. E. Triplett, drawer, Wilhemina Triplett and Edwina Triplett, endorsers, hereinafter called the defendants, upon a negotiable note acquired in due course of business, and a jury being waived, recovered judgment thereon with ten per cent. in addition as attorney's fee for collection.

The defendants allege as error that Edwina Triplett was not permitted to testify as to a conversation with C. Jones Rixey at the time she endorsed the note on June 21, 1909. This note was a renewal of a long series of notes, and as one of her sisters, Mabel H. Triplett, had married and was about to leave the country, Edwina Triplett succeeded her as endorser. Mr. Rixey was, at the time, a director of the Culpeper bank. It appears that at the time of the trial Rixey had been committed to an insane asylum, and upon an exception by the bank the court refused to permit Edwina Triplett to testify as to a conversation had with Mr. Rixey referring to her liability upon the note and the collateral security held therefor.

Whether this testimony was properly excluded upon the ground that Mr. Rixey was incapable of testifying, it is unnecessary to determine, because, even if he had been capable of testifying it does not appear that the evidence could have been relevant upon the issue joined.   That a certain insurance policy had been pledged as collateral security for this and other notes, and all the facts with reference to this collateral fully appear in the evidence.   There is no suggestion that Mr. Rixey had any authority from the bank to make any special contract or agreement with Miss Triplett, and it only inferentially appears that he made some statement to her with reference to this policy of insurance. The testimony was clearly inadmissible because Mr. Rixey's unauthorized statements could not affect the rights of the Culpeper bank.

It is also true that this court cannot determine whether or not any such testimony would have been given by the witness which might possibly have been relevant to some of the issues in the case, because the record does not show what answer or answers the witness would have made; and the rule is well settled in this State, that the refusal of a trial court to permit a witness to answer a question will not be considered in this court when the expected answer is not given, as the court cannot determine its materiality. *Union Cent. Life Ins. Co.* v. *Pollard,* 94 Va. 157, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 715; *Greever, &c.* v. *Bank of Graham,* 99 Va. 547, 39 S. E. 159; *Brock* v. *Bear,* 100 Va. 562, 42 S. E. 307; *Cutchin* v. *Roanoke,* 113 Va. 475, 74 S. E. 403; *Holladay* v. *Moore,* 115 Va. 71, 78 S. E. 551.

Another assignment of error is based upon the well established doctrine of the law that a surety is entitled to be relieved from his liability to pay the debt of his principal, either in whole or in part as the case may be, if the creditor, without the consent of the surety, releases any lien which he may have on any property of the principal as security

for the debt, and that it is the duty of the creditor holding collateral securities to preserve them and be ready to surrender them to the debtor when he demands payment of the debt.

While the doctrine is sound, the evidence in this case utterly fails to show that the creditor ever had possession or control of any collateral security for the debt here involved or released any lien thereon. The pertinent facts as to this collateral appear to be, that in April, 1903, Mrs. L. E. Triplett, the drawer of the note, took out a policy of insurance in the Equitable Life Assurance Society of New York for $5,000; that between October, 1906, and December, 1908, Mrs. Triplett, her husband and daughter obtained from C. J. Rixey, individually, loans aggregating, say, $5,-000, and gave their notes therefor, among which was a note for $750, of which the note sued on is the last renewal; that on the 12th day of May, 1908, Mrs. Triplett assigned this policy to C. J. Rixey to secure this indebtedness; that C. J. Rixey transferred and assigned all of this indebtedness together with the insurance policy referred to, as collateral security therefor, to the Virginia Safe Deposit and Trust Corporation of Alexandria, hereinafter called the Alexandria bank; that said note for $750, of which the note sued on is a renewal, was for value sold and transferred in due course of business by the Alexandria bank to the Culpeper bank; that the policy of insurance was never at any time held by the Culpeper bank, nor was it ever assigned in whole or in part to the Culpeper bank; that from 1906 until April 23, 1908, the $750 note was renewed through the Alexandria bank, but on the last named date those interested arranged with the Culpeper bank to carry it, and thereafter it was renewed with the Culpeper bank; that Wilhemina Triplett became an endorser on the 8th of December, 1909, and in January, 1910, the note was renewed with Wilhemina and Edwina Triplett as endorsers, and

thereafter renewals were made from time to time until the 25th day of October, 1913, when the note was dishonored and duly protested for non-payment; that no objection was ever raised to the holding of said policy by the Alexandria bank and no suggestion ever made that the Culpeper bank must look only to the policy of insurance for the payment of the note sued on until after the note had been dishonored and suit threatened.

The Alexandria bank became insolvent and its assets were taken over by a receiver. Mrs. Triplett failed to pay the premiums upon the policy, and in order to preserve the security, the receiver of the Alexandria bank paid several of such premiums, until after full notice to the defendants, the policy by direction of court was cancelled, its cash surrender value collected by the receiver of the Alexandria bank and the proceeds properly apportioned between the several notes for which it had been pledged as collateral. The share apportioned to the note sued on was $90.44, for which credit is allowed in the judgment.

These being the facts, the court rightly gave judgment for the amount claimed.

Another error alleged is that the judgment allowed ten per cent. on the face of the note as an attorney's fee for making the collection.

This fee was expressly provided for in the face of the note, and while there has been some difference of opinion, the question has been settled in this State in favor of the validity of such a provision subject always to the power of the court if the fee be unreasonable in amount or unconscionable, to reduce it, by the recent case of *Colley* v. *Summers, &c., Co.,* 119 Va. 439, 89 S. E. 906.

The question is well discussed in 2 Va. Law Reg. (N. S.), No. 5, September, 1916, p. 321.

There is no error in the judgment and it will be affirmed.

*Affirmed.*