21415, 21444. BECK & GREGG HARDWARE COMPANY *v.* SOUTHERN SURETY COMPANY; and *vice versa.*

JENKINS, P. J. It is a general rule as to contracts of all kinds that they are to be governed as to their nature, validity, and interpretation by the law of the place where they were made, unless the contracting parties clearly appear to have had some other law in view. *Tillman* v. *Gibson,* 44 *Ga. App.* 440 (161 S. E. 630); 12 C. J. 449, § 30. But the character and extent of the remedy, and the mode of procedure, including questions

relating to the parties, and questions as to the capacity of a party to sue or be sued and as to who may maintain the action, and in whose name the action shall be brought, are determined by the law of the forum in which the action is instituted. *Lay* v. *N., C. & St. L. Ry. Co.,* 131 *Ga.* 345 (3) (62 S. E. 189) ; *Selma R. Co.* v. *Lacey,* 49 *Ga.* 107 ; *Joice* v. *Scales,* 18 *Ga.* 725; *Massachusetts Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256, 286 (30 S. E. 918, 42 L. R. A. 261) ; *Cox* v. *Adams,* 2 *Ga.* 158, 161; 49 C. J. 17, § 14. Accordingly, where, as in the instant case, suit is brought in Georgia upon a bond executed in the State of Florida in pursuance of a contract of assignment made in Florida, questions as to who may maintain the action brought in this State, and in whose name such action shall be brought, are to be determined in accordance with the laws of Georgia.

2. In this State, "as a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." Civil Code (1910), § 5516; *Kohn* v. *Colonial Hill Co.,* 38 *Ga. App.* 286 (144 S. E. 33) ; *American Surety Company of New York* v. *DeWald,* 30 *Ga. App.* 606 (118 S. E. 703). In the instant case the suit as instituted at law on a bond executed in the State of Florida by the assignees under an assignment for the benefit of creditors in accordance with the laws of that State, which bond was made payable to the Governor of the State of Florida and was conditioned upon the principal obligors "well and truly and faithfully" discharging the duties devolved upon them as such assignees, and contained no recital that it was entered into for the benefit of the creditors of the assignor, was subject to the demurrer interposed upon the ground that the plaintiff creditor could not maintain the action in its own name. The plaintiff having acquiesced in the ruling of the court below holding such ground of demurrer good (*McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617), and having sought to amend the petition to meet such adverse ruling, in accordance with the permission granted in the order of the court, by setting forth a Florida statute which, contrary to the Georgia law, permits suits in any civil action at law to be maintained by the real party at interest, and the amendment failing, under the principle stated in the first division of the syllabus, to meet the ground of objection urged, the court did not err, upon the renewal of such ground of demurrer, in dismissing the petition. It is unnecessary, in this view of the case, to determine whether the amendment to the petition opened up the case for the renewal of the grounds of the original demurrer which had been overruled in the order sustaining the ground herein referred to, with leave to the plaintiff to amend. Whether the plaintiff might have been permitted to amend the suit by inserting the name of the obligee in the bond as suing for the use of the plaintiff it is unnecessary to determine, since the plaintiff elected to amend by standing on the Florida statute set forth; and since the ruling of this court is that the judgment of the court below in dismissing the petition be affirmed, no direction can be given that a further opportunity to amend be afforded the plaintiff.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 19, 1931. REHEARING DENIED JANUARY 18, 1932.

*Sam E. Murrell, K. R. Murrell, H. E. Edwards,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.

ON MOTION FOR REHEARING.

JENKINS, P. J. It is insisted that the court in its original opinion in this case overlooked the material facts, as shown by the record, that when the case came on for a hearing in the court below the judge of the superior court overruled all the grounds of the defendant's demurrer, both general and special, except those which raised the question as to the right of the plaintiff to maintain the action, which grounds were held good. It is insisted that this amounted to an adjudication that the petition set forth a cause of action, good as against general demurrer, and therefore that the court was not authorized to thereafter dismiss the suit on general demurrer.

It is true, as the plaintiff in error contends, that on the first hearing the court did overrule all the grounds of demurrer except those which raised the objection that the plaintiff could not maintain the suit, the order of the court providing that "the demurrer be and same is hereby overruled except as to those grounds which refer to the right of the plaintiff to sue on the bond, and the plaintiff having informed the court that it is relying on a statute of the State in which bond was executed, the plaintiff is allowed ten days to amend petition pleading such statute." The defendant had demurred to the petition generally on the ground that "the plaintiff's petition fails to set forth any cause of action, for the reason that the plaintiff is endeavoring to recover on a bond issued by defendant, Southern Surety Company, in which the Governor of the State of Florida is named as obligee." The order of the court quoted could not be taken as a judgment overruling this ground of general demurrer, but necessarily was a holding that this particular ground of the general demurrer was good unless the plaintiff could show a right to maintain the suit by pleading a Florida statute.

Upon the filing of the plaintiff's amendment setting forth the Florida statute dealt with in the original opinion, the defendant demurred generally, to the petition as amended, on the ground that

"plaintiff's petition fails to set forth any cause of action, for the reason that plaintiff is endeavoring to recover upon a bond issued by defendant, Southern Surety Company, in which the Governor of the State of Florida is named as obligee." The demurrer to the petition as amended contained also numerous other grounds of general and special demurrer, including a special demurrer on the ground that the Florida statute set forth was immaterial and irrelevant. Upon hearing the second demurrer, the court entered an order as follows: "The general demurrer of the defendant to the plaintiff's petition as amended is hereby sustained and the plaintiff's petition as amended is hereby dismissed."

Under the ruling by the Supreme Court in *Allen* v. *Commercial Credit Co.*, 155 *Ga.* 545 (117 S. E. 650), the failure of the petition to show a right in the plaintiff to maintain the action was a good ground of general demurrer. See, in this connection, *Hartford Fire Ins. Co.* v. *Amos*, 98 *Ga.* 533 (25 S. E. 575; *Foster* v. *Sullive*, 110 *Ga.* 297 (34 S. E. 1037); *Dalton City Co.* v. *Johnson*, 57 *Ga.* 398. Accordingly, the judgment rendered on the second hearing on demurrer, that the general demurrer be sustained and the petition dismissed, must be taken as sustaining all the grounds of general demurrer, including the ground specifically raising the objection that the plaintiff was endeavoring to recover on a bond in which the Governor of Florida was named as obligee.

It is further insisted in the motion for rehearing that the original judgment overruling all the grounds of demurrer except those raising the question as to the right of the plaintiff to sue was not a ruling "adverse" to the plaintiff, and the plaintiff could not, therefore, be held to have acquiesced in any adverse ruling, and the decision by this court in *McConnell* v. *Frank E. Block Co.*, cited in the original opinion, is without application. In support of this contention the plaintiff points out that the defendant filed exceptions pendente lite to the original order of the court, and it is insisted that the ruling was therefore necessarily "adverse" to the defendant, and not adverse to the plaintiff. It is true that the defendant did file exceptions pendente lite, on which the cross-bill of exceptions was entered in the instant case, it being the contention of the defendant that the petition did not set forth a cause of action, irrespective of whether the plaintiff did or did not have a right to maintain the suit; it is equally true that the first ruling on the

522

demurrer was adverse to the plaintiff, since it necessarily held that the petition was subject to the demurrer interposed on the ground that the right to maintain the action was not in the plaintiff, and should be dismissed on that ground unless the defect was cured by the amendment which the plaintiff proposed to offer. Since, as was ruled in the original opinion, the defect was not cured by the amendment offered, the court did not err in sustaining the renewed ground of the general demurrer.     *Rehearing denied.*

"was an agreement made and entered into by defendants, clients of said attorney, who induced them while occupying that fiduciary relation, to sign the same without informing defendants of the facts, and said attorneys derived, at defendants' expense, from the said agreement which defendants were induced to sign, a profit of $500. Defendants further say that they confided in said attorney, which confidence was accepted by said attorney, who fully realized that defendants were depending upon him for competent advice, and that he influenced them to accept and sign this agreement, which, as defendants were due plaintiff nothing, instead of bringing profit to them, resulted solely in profit to the plaintiff and their attorney at the expense of said defendants." It is further alleged that while the check for $500 issued by the plaintiff was made payable to defendants, "they did not understand the circumstances of the transaction and they were induced to agree before its receipt by said attorney to immediately indorse the same over to him, and that said Clemons gave said check for $500 well knowing at the time that the same was to go to defendants' counsel and that this payment by him of said sum was the inducing cause of said compromise contract." It is also alleged that "said attorney was induced by the said payment to reconcile the conflicting interest of said parties rather than to enforce to their full extent their claim of the payment of their entire indebtedness to said Clemons, and that so receiving said sum of $500 from their opponent made it impossible for said attorney to represent defendants interest with that fairness, adequacy, and good faith he was obligated to render to them." The court sustained a demurrer to the answer of the defendants, and entered judgment in favor of plaintiff for the amount of the notes sued on, plus interest and attorney's fees. To this the defendants excepted.