## JOHNSTON *v.* SUSMAN.

No. 14042. April 15, 1942.

*W. G. Mann,* for plaintiff. *Hardin & McCamy,* for defendant.

Atkinson, Presiding Justice. Mrs. Sallie Christine Johnston brought this action against Joe Susman, seeking cancellation of the deeds referred to in the headnotes. As to the first deed it was alleged: "Petitioner shows that her said husband, J. C. Johnston,

was a contractor, a veteran of the World War, and on account of his bad physical and mental condition became involved in a business deal with the defendant; so petitioner is advised and believes, and because of the threats of the said defendant with reference to her husband, and without any consideration to petitioner whatever, and solely for the benefit of said husband, all well known to the defendant, petitioner made and executed a deed to her said property to the said defendant, a copy of which said deed is hereto attached, marked 'Exhibit A' and made a part of this paragraph and of this petition." Later in the petition it is alleged that said deed "was void and of no legal effect whatever," but no fact is stated on which this conclusion is based. Unless that part of the petition first above quoted shows a right to relief as to the first deed, it must be held that the petition showed no cause of action in that connection. The plaintiff's counsel bases his contentions on the Code, §§ 53-502, 53-503, and cases which have arisen thereunder, and argues that as a married woman is prohibited from entering into a contract of suretyship and from assuming her husband's debts, or pledging her property as security for them, or conveying it in consideration of their extinguishment, a conveyance of her separate estate in order to secure a "benefit" to her husband should be held void. The conclusion does not follow. Except as to the transactions expressly inhibited by statute, a married woman may deal with her property as freely as a man may deal with his. It is by no means true that she is forbidden to utilize her estate for her husband's benefit. She may make an outright gift of her property to him, without receiving in return any advantage to herself. Code, § 53-506. As a further illustration, see the decisions holding that she may borrow money on her property, as an original undertaking, and give the money to her husband, and the pledge will be good although the lender knows what she intends to do with the money. *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086); *Ross* v. *Durrence,* 181 *Ga.* 52 (181 S. E. 581); *Roan* v. *Union Central Life Insurance Co.,* 181 *Ga.* 335 (182 S. E. 21). It may be added that the petition now before the court does not state that at the time the deed was made the defendant was the husband's creditor, or that he has been such at any other time.

As to the "threats" to which the petition refers, it is not made

to appear that the defendant has ever threatened to do anything which he did not have the legal right to do. Particulars are lacking. This court can not assume that the transaction in point involved an illegal or immoral plan of the defendant to take advantage of the "bad physical and mental condition" of the husband and unjustly oppress him, and that the execution of the plan was prevented by the plaintiff's conveyance to the defendant of her property under circumstances which would now authorize her to repudiate her deed. In all cases of this character equity will deny relief unless there is shown some definite ground, as indicated in headnote 1, on which its interference is authorized.

Headnote 2 requires no elaboration. The court did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*