## CLEMENTS *v.* HOLLINGSWORTH, executrix.

BELL, Justice. 1. It has been held that, where a general demurrer to a petition is overruled, the demurrant has the option of coming to this court by direct bill of exceptions, or of taking exceptions pendente lite,

but that, if the latter course be followed, the ruling on demurrer becomes a pendente lite ruling which is reviewable only after final judgment terminating the case. *Durrence* v. *Waters*, 140 *Ga.* 762 (1) (79 S. E. 841) ; *Gilbert* v. *Tippens*, 183 *Ga.* 497 (1) (188 S. E. 699) ; *Smith* v. *Barksdale*, 199 *Ga.* 723 (1) (35 S. E. 2d, 149). This rule, however, does not apply in the instant case, since after the first judgment overruling the general demurrer (April 4, 1947), a material amendment was allowed (April 7, 1947), thus reopening the petition to demurrer, and after the overruling of renewed and new general demurrers to such amended petition (May 13, 1947), the demurrant had the same right as to choice of procedure that he had with respect to the first judgment, and hence could come to this court by direct bill of exceptions complaining of the second judgment, notwithstanding the fact that he had taken exceptions pendente lite to such previous judgment. Code, § 81-1312; *Folsom* v. *Howell*, 94 *Ga.* 112 (1) (21 S. E. 136) ; *Mooney* v. *Mooney*, 200 *Ga.* 395 (1) (37 S. E. 2d, 195). There is no merit in the suggestion that the writ of error should be dismissed.

2. In this suit by the executrix of a deceased wife against her surviving husband, the plaintiff sought to recover a judgment for the amount of six checks, four of which were alleged to have been signed by the testatrix by R. L. Clements, the defendant, and charged to her account (see original petition, paragraph 4), and two of which were alleged to have been payable *to* the testatrix. The defendant excepted to the overruling of general and special demurrers to the petition as amended. In reference to the four checks first mentioned, it is stated in the brief filed in this court for the defendant, now plaintiff in error, that these items were eliminated by agreement of counsel. Treating this statement as an abandonment of all assignments of error, so far as related to the four checks that were drawn on the account of the testatrix, the case will be considered in this court as if a recovery had been sought only for the proceeds of the two checks that were payable *to* the testatrix, the proceeds of which were alleged to have been received by the defendant. The allegations with respect to one of such last-mentioned checks were as follows: That on or about April 5, 1943, the defendant received a check for $10,000, which check was payable to Mrs. Johnnie Bell Clements and was her property; that the amount of said check was deposited on or about April 5, 1943, in Citizens National Bank of Montezuma, Georgia, to R. L. Clements, the defendant's, special account; *and that said check at the time it was delivered to the defendant was the property of the testatrix and not the property of the defendant. Held:*

(a) While a wife may not bind her separate estate by any contract of suretyship, nor in any manner become liable for the debts of her husband, and may not sell her property to her husband unless the sale be allowed by order of the superior court, these are the only restrictions that are placed by law upon her in dealing with her separate estate, and as to all other contracts, whether with her husband or other persons, she stands upon the same footing as a man or a feme sole. Code, §§ 53-503, 53-504; *McCrory* v. *Grandy & Son*, 92 *Ga.* 319, 327 (18 S. E. 65) ; *Nelms* v. *Keller*, 103 *Ga.* 745 (30 S. E. 572) ; *Bacon* v. *Bacon*, 161

*Ga.* 978 (7), 988 (133 S. E. 512); *McRitchie* v. *Atlanta Trust Co.*, 170 *Ga.* 296 (6) (152 S. E. 834). Thus, while she may not sell property to her husband without an order of court, she may *buy* property from him without such restriction. *Thompson* v. *Wright*, 182 *Ga.* 380 (185 S. E. 341).

3. Although it was alleged that the check was the property of the testatrix and not the property of the defendant at the time it was delivered to him, the allegations to this effect did not show that the check was not delivered to him by the testatrix herself and as consideration for some valid contract which she was at liberty, without condition, to enter into with him; nor does it appear that the check was not actually endorsed by her before such delivery. Compare Code, §§ 14-420, 14-509; *Christie* v. *Bassford*, 47 *Ga. App.* 94 (169 S. E. 687).

4. It is declared in the Code, § 53-506, that "a wife may give property to her husband, but a gift will not be presumed." Whether, in view of this rule, it was necessary for the plaintiff to allege facts negativing a gift, it was incumbent upon her to show by appropriate allegations that the check was not received by the defendant in pursuance of some valid contract between him and his wife, in order to state a case of liability on his part. Code, §§ 81-101, 81-102; *Roland* v. *Roland*, 131 *Ga.* 579 (1) (62 S. E. 1042); *Krueger* v. *MacDougald*, 148 *Ga.* 429 (1) (96 S. E. 867); *Johnston* v. *Susman*, 193 *Ga.* 758 (19 S. E. 2d, 919).

(*a*) "Unless and until there be facts or circumstances to indicate to the contrary, it will be presumed that every person obeys the mandates of law and performs all of his official and social duties." *Georgia Casualty Co.* v. *McRitchie*, 45 *Ga. App.* 697 (3) (166 S. E. 49); *English* v. *Poole*, 31 *Ga. App.* 581 (121 S. E. 589). Accordingly, it cannot be assumed, without allegation, that the husband violated any duty, or failed to pay any debt, that he may have owed to his wife.

5. Paragraph 6 of the petition, alleging "that the checks above enumerated were charged to the account and paid from the account of Mrs. R. L. Clements [and] defendant is indebted to plaintiff in said sums," clearly referred only to the four checks that were alleged in paragraph 4 to have been signed by Mrs. R. L. Clements (now the testatrix) by her husband, since these were the only checks which had been "enumerated," or which, considering the petition as a whole, could be considered as having been charged to and paid from her account. Accordingly, the allegations in paragraph 6 do not in any way affect the case as related to the check for $10,000, which was payable *to her*, and in reference to which the foregoing rulings have been made.

6. Under the preceding rulings, the allegations of the main petition as amended, construed on demurrer most strongly against the plaintiff, were not sufficient to state a cause of action upon any theory as related to the above-described check for $10,000 or its proceeds.

7. Nor were the allegations in the main petition helped by the general averments in the ancillary petition as amended, as to indebtedness and holding in trust, since these averments were evidently made, not for the purpose of aiding the allegations of the main bill with respect to indebtedness, but solely for the purpose of seeking additional remedies for enforcement of the claim just as it was described or stated in such

main petition. Code, § 37-902; *Voyles* v. *Federal Land Bank of Columbia*, 182 *Ga.* 569 (186 S. E. 405).

8. The rulings made above are not contrary to the rule stated in *Allen* v. *Allen*, 198 *Ga.* 269 (3) (31 S. E. 2d, 483), and cases cited in that decision, to the effect that whenever a husband, with or without his wife's consent, acquired from her money which is her separate property, he must be deemed to hold it in trust for her benefit, in the absence of any evidence that she intended to make a gift of it to him. None of the decisions to this effect dealt with questions as to pleading such as are involved in the instant case.

9. As to the other check that was payable to the testatrix, for $4210.31, the main petition as amended, including the amendment of April 7, 1947, on proper construction, shows by affirmative allegations that this check was endorsed by the testatrix and then delivered by her to her husband, the defendant. In other respects, the allegations relating to both checks were the same, except that, after the court had sustained a special demurrer to paragraph 3 of the petition, the plaintiff, on the date above stated, amended to meet this ground of demurrer by alleging: "Defendant is liable to plaintiff on said check as trustee for the reason said check was delivered to plaintiff [defendant?] after having been endorsed by her [testatrix?], and defendant then deposited said check to the account of Clements Hardware Company in The Citizens National Bank of Montezuma, Ga., said Clements Hardware Company being a trade name of defendant, and said money was drawn out and used by defendant in the regular course of business of Clements Hardware Company, in which business neither plaintiff nor Mrs. Johnnie Bell Clements had any interest whatever." *Held:* Even with this amendment, the petition did not show that this check was not received by the defendant from his wife in pursuance of some contract between them based upon a sufficient consideration and otherwise valid. Under the rulings made above, the petition likewise failed to state a cause of action with respect to the second check or its proceeds.

10. Under the preceding rulings, the court erred in overruling the general demurrers to both the main and the ancillary petition as amended. In this view, it is unnecessary to pass upon other assignments of error. *Columbus Railroad Co.* v. *City Mills Co.*, 135 *Ga.* 626 (4) (70 S. E. 242); *Erk* v. *Simpson*, 137 *Ga.* 608 (3) (73 S. E. 1065); *Atlanta Baseball Co.* v. *Lawrence*, 38 *Ga. App.* 497 (3) (144 S. E. 351).

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15908. SEPTEMBER 12, 1947.

694

*Jule Felton & A. C. Felton III,* for plaintiff in error.
*Benjamin F. Neal, Leonard Farkas,* and *Walter H. Burt,* contra.