46297. FRANK v. NATIONWIDE MUTUAL INSURANCE COMPANY.

BELL, Chief Judge. The defendant insurer was granted summary judgment in the lower court. Plaintiff bases her claim upon a tenant's homeowner's policy issued by defendant. A provision of the policy covers losses by theft. Plaintiff attached a copy of the policy to her complaint. The policy was issued in the Commonwealth of Pennsylvania and covered a rental home located in Phoenixville, Pennsylvania. She alleges that certain personal property was stolen from the premises on September 15, 1969. The evidence in support of the motion shows that plaintiff was renting the premises from a firm described as J. Edwards & Company, and that the president of this firm, one Bartschi, caused the removal of the property allegedly stolen from the premises and had it stored in a nearby building. Plaintiff in her deposition admitted receiving a letter from Edwards & Company, dated September 15, 1969, stating that it was understood by the company that she had left the rented premises permanently; that all her furniture and belongings had been removed and were "being held for you in storage awaiting your instructions." She also admitted receiving a letter from Bartschi dated September 21, 1969, which stated in part "that packing and storing of her furniture required the services of five men and asking her to let Bartschi know what disposition she desired of her furniture and belongings." As the contract was

made in Pennsylvania and covered premises located in that Commonwealth, and the alleged theft occurred there, the law of Pennsylvania controls this case. *Beck & Gregg Hdw. Co. v. Southern Surety Co.*, 44 Ga. App. 518 (162 SE 405). The policy does not define theft. In Pennsylvania the common law definition of larceny applies. One of the essential elements of larceny is a specific intent to steal—an intent to permanently deprive the owner of the use and benefit of his property. *Commonwealth v. Meinhart*, 173 Pa. Super. 479 (98 A2d 392). As we view the evidence, the only question involved is whether or not Bartschi at the time of the removal of plaintiff's goods had the requisite specific intent to deprive the plaintiff permanently of her property. While there does seem to be a conflict in the evidence as to whether Bartschi's removal or taking of the property was lawful or unlawful, we think this is not important. Not every unlawful taking is covered by the word "theft"; there must be some fact about the transaction from which it may be found that the taking was done with an intent to permanently deprive the plaintiff of her property. *Penn-Air, Inc. v. Indemnity Ins. Co. of North America*, 439 Pa. 511 (269 A2d 19). The sum and substance of the evidence presented on defendant's motion is that Bartschi removed the property, had it crated and stored, and advised the plaintiff of this fact. This evidence has not been refuted. There is no evidence submitted in opposition that his purpose was to act towards this property in any manner inconsistent with an intention to return it to the plaintiff. Absent any evidence to show a contrary intent, there is nothing to submit to a jury. Consequently, there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JUNE 1, 1971—DECIDED SEPTEMBER 7, 1971.

*Burt & Burt, Donald D. Rentz, H. P. Burt, Curtis Van Cheney,* for appellant.

*Landau, Davis & Farkas, Leonard Farkas,* for appellee.