## 47887. DURAN v. JUDSON et al.

DEEN, Judge. 1. At common law women labored under the disability of coverture and could not become either a surety or guarantor for another. By statute many states removed the contractual disability, with the result that women could enter into contracts of suretyship and guaranty with the same freedom as other contracts. 41 CJS 670 et seq., Husband and Wife, § 188. In Georgia from the time of the Married Woman's Act (Ga. L. 1866, p. 146) to the amendment of Code § 53-503 (Ga. L. 1969, pp. 72, 73) women had the right to contract generally but not to enter into a contract of suretyship. Referring to this section as it existed prior to the amendment it was stated in *Johnston v. Susman,* 193 Ga. 758, 759 (19 SE2d 919): "Except as to the transactions expressly inhibited by statute, a married woman may deal with her property as freely as a man may deal with his. It is by no means true that she is forbidden to utilize her estate for her husband's benefit." Code Ann. § 53-503 as it presently stands (with the amendatory addition in italics) reads

as follows: "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with. *The wife may not bind that portion of her separate estate which is composed of tangible personal property by any contract of suretyship or by any assumption of the debts of her husband. The sale of any portion of her separate estate which is composed of tangible personal property to a creditor of her husband in extinguishment of his debts shall be absolutely void.*" It follows that, with the exception of the pledge of or sale or levy upon tangible personal property, the sex or marital status of the parties is completely irrelevant.

2. The plaintiff appellee filed an action against Mr. and Mrs. Judson on a promissory note ostensibly signed by both as makers, which recites that as security "I, we, or either of us hereby sell, convey and assign to the holder of this note the following described property: 167 shares of the common stock of Superior Poultry Equipment Co. and any certificate representing title to such stock interest." It appears that the note was issued for the shares of stock pledged, which were issued in the sole name of the husband. Mrs. Judson filed a motion for summary judgment stating that she had signed merely as a surety and because the appellee refused to transfer the stock to her husband unless she did so; that she received no consideration or benefit from the transaction.

A promissory note is intangible personal property, as is a stock certificate. It follows that a woman may now sign a promissory note as surety (if this is what the appellant in fact did, which is itself a jury question) and that she may pledge stock as security thereon (assuming that she does in fact have some claim of ownership in the stock, which she denies). The present state of the law is that, except as to tangible personal property belonging to the woman, as, for example

clothing, household articles, and automobiles, the same law applies to both husband and wife.

3. It is further contended that because there is no exception in the promissory note exempting tangible personal property of the wife (from future levy and sale on nonpayment?) the contract, being entire, is not enforceable. We do not follow this reasoning. Only intangible personal property is pledged in the instrument. A judgment obtained against both defendants might be levied on the property of either *except that* it could not be levied on tangible personal property of the wife. Mrs. Judson could legally be a surety to the extent of her real property and intangibles, and the fact that certain other property might be immune from levy has no effect upon the right of action.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 5, 1973 — DECIDED FEBRUARY 21, 1973 — REHEARING DENIED MARCH 12, 1973 — 

*Michael R. Casper, Hammond Johnson, Jr.,* for appellant.

*Telford, Stewart & Stephens, W. Woodrow Stewart,* for appellees.