### 27969. JUDSON v. DURAN et al.

JORDAN, Justice. James C. Duran filed his complaint in the State Court of Hall County, Ga., alleging that Ronald D. Judson and Marguerite S. Judson were indebted to him on a promissory note. The promissory note ostensibly was signed by both parties as makers, and recites that as security "I, we, or either of us hereby sell, convey and assign to the holder of this note the following described property: 167 shares of the common stock of Superior Poultry Equipment Co. and any certificate representing title to such stock interest." It appears that the note was issued for the shares of stock pledged, which were issued in the sole name of the husband. Marguerite S. Judson filed an answer in which she stated that she was the wife of Ronald D. Judson, and that she signed the note merely as a surety and because the plaintiff refused to transfer the stock to her husband unless she did so and that she received no consideration or benefit from the transaction. On the basis of the pleadings, interrogatories and affidavits, the trial court granted her motion for summary judgment. Upon appeal to the Court of Appeals the judgment of the trial court granting the defendant's motion for summary judgment was reversed. See *Duran v. Judson,* 128 Ga. App. 459 (197 SE2d 163). We granted certiorari to review that decision of the Court of Appeals. *Held:*

1. After a thorough consideration of this record, we have concluded that the Court of Appeals decision was correct. That opinion

turns on interpretation and application of Code Ann. § 53-503, as amended in 1969, which provides in relevant part as follows: "The wife may not bind that portion of her separate estate which is composed of tangible personal property by any contract of suretyship or by any assumption of the debts of her husband. The sale of any portion of her separate estate which is composed of tangible personal property to a creditor of her husband in extinguishment of his debts shall be absolutely void."

A reading of the statute makes the intent of the legislature clear. The disability imposed extends only to the *portion of her separate estate which is composed of tangible personal property*. It is clear that the legislative intent was to permit a wife to bind that portion of her separate estate which is composed of other than tangible personal property by a contract of suretyship or assumption of the debts of her husband and that the sale of any portion of her separate estate not composed of tangible personal property to a creditor of her husband in extinguishment of his debts shall not be void. Even before the 1969 amendment, this court stated in *Johnston v. Susman,* 193 Ga. 758, 759 (19 SE2d 919): "Except as to the transactions expressly inhibited by statute, a married woman may deal with her property as freely as a man may deal with his. It is by no means true that she is forbidden to utilize her estate for her husband's benefit."

By the 1969 amendment Georgia followed the lead of many other states tending to remove a woman's contractual disability and clearly provided that with the exception of the pledge or sale or levy upon tangible personal property, the sex or marital status of the parties is completely irrelevant. The Court of Appeals opinion (*Duran v. Judson,* 128 Ga. App. 459, supra, Hn. 2) concluded, "A promissory note is intangible personal property, as is a stock certificate. It follows that a woman may now sign a promissory note as surety (if this is what the appellant in fact did, which is itself a jury question) and that she may pledge stock as security thereon (assuming that she does in fact have some claim of ownership in the stock, which she denies). The present state of the law is that, except as to tangible personal property belonging to the woman, as, for example clothing, household articles, and automobiles, the same law applies to both husband and wife." However, we do not agree with the statement in the Court of Appeals opinion which indicates that a general judgment against the wife surety cannot be levied against the tangible personal property of the wife.

2. The applicant for certiorari further contends that the note sued on is an entire and indivisible contract and that since there is no exception in the promissory note exempting the tangible personal property of the wife, the entire note is rendered void. Such exemption is clearly covered by that statute and is by implication incorporated in the terms of the contract. Since Mrs. Judson could legally be a surety to the extent of her real and intangible property, the fact that the note failed to state that her tangible personal property might be immune from levy does not have the effect of voiding the entire contract.

The Court of Appeals did not err in reversing the trial court's grant of the defendant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 26, 1973 — DECIDED OCTOBER 5, 1973.

*Telford, Stewart & Stephens, W. Woodrow Stewart,* for appellant.

*Michael R. Casper, Hammond Johnson, Jr.,* for appellees.

