**RESIDENTIAL INDUSTRIAL LOAN COMPANY, Plaintiff-Appellee,**

v.

**Fred N. BROWN and Gloria Brown, Defendants-Appellants,**

**Masten H. Loughman, Defendant.**

**No. 77–1557**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1977.

amount was derived. The computation now asserted by the taxpayer on appeal would produce a different figure.

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Bruce H. Beerman, Atlanta, Ga., for defendants-appellants.

Susan Hoy, Ben F. Johnson, III, Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

In this diversity case defendants Fred N. Brown and Gloria Brown appeal from a judgment entered against them for indebtedness arising out of their execution. of a guarantee of a note. They admit that they signed the guarantee and the plaintiff is entitled to recover unless they can establish a defense. Defendants raise three such defenses, one of which applies only to Glo-

ria Brown. Because the note was delivered and to be performed in Virginia, the law of that state is applicable.

The first defense is based on Va. Code Ann. § 8.3–606(1)(b) (1965), which codifies Uniform Commercial Code § 3–606(1)(b). This section provides for the discharge of certain parties to an instrument if the holder of the instrument unjustifiably impairs any collateral given to secure the debt.

 The debt in this case was secured by a second mortgage on real property in Maryland. Defendants argue the value of this collateral was impaired when a mechanic's lien was filed against the property without their knowledge. Defendants assume that this lien would precede the second mortgage in priority. The argument fails for two reasons. First, after the date of the district court's opinion the Maryland Court of Appeals held that the mechanic's lien follows the mortgage deed of trust in priority. *Residential Industrial Loan Co. v. Weinberg,* 279 Md. 483, 369 A.2d 563 (1977). This decision eliminates the factual underpinnings of the argument. Second, the lien was filed before the defendants signed the note. As the district court held, this fact is dispositive of the applicability of § 3–606(1)(b). That section specifically provides that the holder discharges any party to the instrument if without that party's consent the *holder* unjustifiably impairs the collateral. Since the lien had already attached and was filed before the note was made, and since the promisee had nothing to do with the lien, any impairment in collateral was not attributable to the holder. *See Ward v. Bank of Pocahontas,* 167 Va. 169, 187 S.E. 491 (1936). Defendants therefore are not entitled to a discharge under this provision.

 The second defense is based on Va. Code Ann. § 8.3–606(1)(a) (1965), which codifies Uniform Commercial Code § 3–606(1)(a). This section provides that a holder discharges a party to an instrument if it releases certain other parties without consent. Defendants contend that since the signature of one of the other guarantors was allegedly forged, they are discharged under this section. We agree with the district court that a holder's failure to ensure the genuineness of signatures on loan documents does not constitute a release or agreement by the holder not to sue a person whose signature is forged. *See Triplett v. Second National Bank of Culpepper,* 121 Va. 189, 92 S.E. 897 (1917). Furthermore, if the signature of the co-guarantor was forged, the holder never had a right of recourse against her. Since under this theory she was never liable, she was by definition never released from liability. The discharge provisions of this section are thus also unhelpful to defendants.

 The final defense relates only to Gloria Brown. It is based on Ga. Code Ann. § 53–503 (1974) and is commonly known as the "wife's suretyship defense." This section provides that a wife may not bind that portion of her separate estate composed of tangible personal property by any contract of suretyship or by any assumption of the debts of her husband. Defendants contend that Gloria Brown endorsed the promissory note here at issue merely as a surety and as an assumption of her husband's debt. This argument fails on this appeal for several reasons. First, the Georgia statute does not apply. The federal court must follow the conflict laws of Georgia, the state in which the district court sits. *Klaxon Co. v. Stentnor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Float-Away Door Co. v. Continental Gas Co.,* 372 F.2d 701 (5th Cir. 1966), *cert. denied,* 389 U.S. 823, 88 S.Ct. 58, 19 L.Ed.2d 76 (1967). Georgia courts, in considering the choice of law question with respect to a contract, have consistently held that whether a contract is valid or enforceable is determined by the law of the place where it was made. *Beck & Gregg Hardware Co. v. Southern Surety Co.,* 44 Ga.App. 518, 162 S.E. 405 (1931); *Missouri State Life Insurance Co. v. Lovelace,* 1 Ga.App. 446, 58 S.E. 93 (1907). In locating the place where a contract is made, the determinative location under Georgia law is not where it is executed, but rather where it is delivered as consummating the bargain. *Float-Away Door Co. v. Continen-*

tal Gas Co., supra at 704; *Peretzman v. Borochoff*, 58 Ga.App. 838, 200 S.E. 331 (1938). This note and guarantee were delivered in Virginia to be performed in Virginia. Thus, Virginia law applies, not the Georgia statute. Virginia law imposes no disabilities on married women. On the contrary, married women are expressly granted the ability to contract as fully and freely as unmarried women. Va. Code Ann. § 55–36 (1977 Supp.). We thus hold there is no wife's suretyship defense available here.

■ The wife's defense, even if available, is limited by the very terms of the statute to her tangible personal property. "It is clear that the legislative intention was to permit a wife to bind that portion of her separate estate which is composed of other than tangible personal property by a contract of suretyship or assumption of the debts of her husband." *Judson v. Duran*, 231 Ga. 206, 200 S.E.2d 872, 874 (1973). Thus even if Georgia law applies, Mrs. Brown bound herself by her signature as surety. The statute would merely bar the plaintiff from executing its judgment against any of her tangible personal property.

In sum, there being no statutory basis discharging defendants from their guarantee obligation, the district court's grant of summary judgment against them is

AFFIRMED.

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.