ROTHSCHILD, *Appellant*, v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY *et al.*

1. Practice in Supreme Court: FINDING OF FACTS BY TRIAL COURT. The Supreme Court will not interfere with the trial court on its finding of facts in actions at law, unless it is against the undisputed evidence.

2. ———: WEIGHT OF EVIDENCE. The Supreme Court will not pass upon the weight of evidence in actions at law.

3. ———: ———: FREIGHT CHARGES: DISCRIMINATION BY RAILROAD. The above rules applied in an action against a railroad for discrimination in making freight charges.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Patrick & Frank* and *C. H. Krum* for appellant.

(1) The right to recover the excessive payments made by plaintiff to the defendant is sustained by the decisions; the payments are not considered by the courts as voluntary. *Railroad v. Steiner*, 9 Law & Eq. Rep. 39; *Railroad v. Railroad*, 79 Ill. 121; *Hays v. Railroad*, 12 Fed. Rep. 309, and note; *Nicholson v. Railroad*, 5 C. B. [N. S.] 366. (2) A shipper is entitled to recover from the carrier the amount paid by him in excess of the rates accorded to others in the discharge of the same service; this was so even at common law. *Shipper v. Railroad*, 47 Pa. St. 341; *McDuffee v. Railroad*, 52 N. H. 445; *Cambloss v. Railroad*, 4 Brewster, 622; *Vincent v. Railroad*, 49 Ill. 33; *Railroad v. People*, 56 Ill. 365; *Railroad v. Railroad*, 57 Me. 194; *Sloan v. Railroad*, 61 Mo. 24; Pierce on Railroads, 498, and authorities. As to carrier's obligation, in this regard, see generally: *Messenger v. Railroad*, 36 N. J. Law,

407; *Cole v. Goodwin*, 19 Wend. 261; *Railroad v. Erickson*, 91 Ill. 613. And the very recent cases: *Railroad v. Railroad*, 15 Fed. Rep. 650, and note; *McCoy v. Railroad*, Am. Law Reg., Nov. 1883, p. 725. By the laws of Missouri, as well as by the articles of consolidation, the Wabash, St. Louis & Pacific Railroad Company is liable for the damage due from the "Wabash," its predecessor. This is also the common law. The Wabash, St. Louis & Pacific Railroad Company succeeds to the rights and privileges of the "Wabash," subject to its liabilities; this is not disputed. (3) Damages to which plaintiff is entitled is the difference between what he was compelled to pay for the transportation of his cattle, and the "eveners" paid for the shipment of their cattle from and to the same points, which was forty-five dollars a car.

*Wells H. Blodgett* for respondent.

(1) There was a total failure of proof. The petition charges that plaintiff shipped his cattle from East St. Louis to Jersey City at one hundred and thirty dollars per car, and that while he was doing so defendant had an agreement with Eastman, Morris & Allerton to carry their cattle from East St. Louis to Jersey City at a lower rate. There was no proof of a contract between said parties and the defendant. There was no proof of an undertaking on the part of defendant to transport any cattle for plaintiff to Jersey City. It is admitted that the defendant's railroad only extends as far east as Toledo, in the state of Ohio, and, therefore, when it received cattle consigned, or marked, for Jersey City, the presumption is that it only undertook to carry to the end of its own line. *Hoagland v. Railroad*, 30 Mo. 451; *Coates v. Express Co.*, 45 Mo. 238; *Snider v. Express Co.*, 63 Mo. 376; *Myrick v. Railroad*, 107 U. S. 102; Whittaker's Smith on Neg. 289, 290.

(2) The court sitting as a jury had a right to disregard the whole testimony of the plaintiff because it was in direct conflict with the allegations of the petition, the proofs, the verdict, and the judgment in his former suit against the Toledo, Wabash & Western Railroad Company. *Speck v. Riggin*, 40 Mo. 404; *Warfield v. Lindell*, 30 Mo. 272. (3) The verdict and judgment were in accordance with the real law of the case, because it was admitted that the defendant's railroad only extended as far east as Toledo, Ohio, and, therefore, beyond that point it owed the public no duty, and was not bound to undertake the transportation of property except according to the terms of such private contracts as it might, at its own option, enter into or not enter into, but which, when entered into, became, in all their terms, obligatory upon both parties. *Wiggins Ferry Co. v. Railroad*, 73 Mo. 410 ; Hutchinson on Carriers, secs. 147, 151, 317 ; *Paradine v. Jane*, Aleyn Rep. 26, 27. (4) The verdict and judgment were in accordance with the real law of the case, because even common carriers are only required to carry for a reasonable compensation, there being no rule of the common law requiring common carriers to carry for all at the same price. Story on Bailments [9 Ed.] sec. 508, note 3 on p. 484, and cas. cit.; *Railroad v. Gage*, 12 Gray, 399 ; *Spofford v. Railroad*, 128 Mass. 326 ; *McDuffie v. Railroad*, 52 N. H. 430 ; *Johnson v. Railroad*, 16 Fla. 623 ; *Harris v. Packwood*, 3 Taunton, 272 ; *Railroad v. Sutton*, 4 H. L. C. 237 ; *Boxendale v. Railroad*, 4 C. B. [N. S.] 78.

BLACK, J.—This suit was commenced against both the Wabash Railway Company and the Wabash, St. Louis and Pacific Company, but dismissed as to the former. The petition, in substance, states that the defendant is a common carrier ; that between August 1, 1877, and January, 1878, he shipped by the defendant's road from East St. Louis to Jersey City, 247 car loads of cattle, and was required to pay the defendant therefor

one hundred and thirty dollars per car; that Nelson Morris, Samuel W. Allerton and Timothy Eastman were at the same time shippers of cattle over the defendant's road from the same point to the same point; that by virtue of a secret arrangement the defendant agreed with these three persons to and did ship their cattle at a much cheaper rate; that the amount to be paid by them was dependent upon an accounting, and that they only paid sixty dollars per car load; and because of the unjust discrimination, plaintiff asks judgment for sixteen thousand eight hundred dollars.

On the trial it was stipulated that prior to 1879, the St. Louis, Kansas City and Northern Railway Company was a corporation under the laws of this state, owning and operating a railroad from Kansas City to St. Louis in this state; that from January, 1877, to November, 1879, the Wabash Railway Company was a corporation organized under the laws of the states of Illinois, Indiana and Ohio, and as such owned and operated a railroad from East St. Louis in the state of Illinois through said states to Toledo in the state of Ohio; that on the tenth of November, 1879, these two corporations were consolidated under the name of the Wabash, St. Louis and Pacific Railway Company, the present defendant.

It is alleged in the defendant's answer, and for all the purposes of this case stands admitted, that plaintiff brought a suit against the *Toledo, Wabash & Western Railroad Company* for damages on the same cause of action stated in this case, and in which suit he had a verdict and judgment for fourteen thousand eight hundred and twenty dollars, which remains unpaid.

This case was tried by the court without a jury. After the evidence was all in, the court, at the request of the plaintiff, gave an instruction, but found the issues for the defendant. That instruction, which was the only one asked or given, is as follows:

"The court declares the law to be that a railroad company is bound to receive and carry without discrimination in its charges for the same service, and that if the evidence shows that defendant (or the Wabash, which is the predecessor of the defendant), charged plaintiff more for carrying his cattle from East St. Louis to Jersey City, than he charged S. W. Allerton, Nelson Morris or T. C. Eastman for a similar service, then plaintiff is entitled to recover the excess or overcharge so paid by him."

It will be seen the court declared the law as asked by the plaintiff on the trial, and as he contends for in this court, but found the facts against him. It is this finding of the facts only that is now here for review. We cannot interfere with the trial court in its finding of the facts in these actions at law, unless the finding is against the undisputed evidence. It is scarcely necessary to say that this court cannot pass upon the weight of the evidence in actions at law. That is a matter for the trial judge or jury as the case may be tried. The evidence shows that Eastman, Morris and Allerton were extensive shippers of cattle from East St. Louis and Chicago to New York. In 1875 they made an arrangement, at New York City, with the three trunk lines, to-wit, the New York Central, the Pennsylvania Central, and the Erie, to even up the live-stock tonnage between these lines. The Erie was to have twenty-five per cent. and each of the other roads thirty-seven and one-half per cent. These persons were required to make special purchases and shipments when necessary to maintain the agreed division of business, whether the market justified it or not. On the other hand the "eveners," as they are called, were to and did receive a compensation or commission on all stock shipped by them and other persons over these roads, ranging from ten to twenty dollars per car load. It is said one purpose of the arrangement was to maintain uniform rates

for the shipment of cattle to New York. The "eveners contract" was in operation when the plaintiff shipped the two hundred and forty-seven car loads.

The plaintiff, it will be remembered, first recovered a judgment against the *Toledo, Wabash and Western Railroad Company*. In this case, in a very brief way, he says he shipped the cattle by the "Wabash Railway." In the same connection he speaks of Mr. McBeth as the stock agent of the "Wabash and Western Road" with whom he used to make rates. The freight bills were in evidence, but they are not in this record. It is impossible to say from this record whether the cattle were shipped from East St. Louis by the Wabash Railway Company, or by the *Toledo, Wabash and Western Railroad Company*. It may be they are different names of the same corporation, but it does not so appear from anything in this record, and until it does appear we must assume that they were different corporations.

Again, there is some evidence tending to show that the *Toledo, Wabash & Western Railroad Company*, as a connecting line to one of the trunk roads, came in and agreed to share in paying the compensation to the "eveners," but it is very indefinite, and there is little or no evidence to show that the Wabash railway company was a party to that agreement. Under the meager evidence the court might well have found that plaintiff did not ship his cattle over the last-named road, and if he did, that the evidence was insufficient to show that that corporation was a party to the "eveners" arrangement with the three trunk lines. If the Wabash railway company is not shown to be liable in this case, then, of course, the present defendant, its successor, cannot be made liable.

Important questions of law are discussed in the briefs on the one side and the other, but we have been unable to see that they are properly before us for consideration. The respondent contends also for the con-

clusive effect of the finding of facts made by the court. For the reasons before stated, the judgment of the court of appeals, affirming the judgment of the circuit court, is affirmed. All concur.