| 94 | 609 |
|----|-----|
| 104 | 415 |

Silvey & Co. *et al. v.* The Phœnix Insurance Co. *et al.*
Everett-Ridley-Ragan Co. *et al. v.* The Phœnix Insurance Co. *et al.*

1. The title of the act of September 19th, 1891 (Acts of 1890-1, p. 74), amending §3331 of the code, is sufficient, and the body contains no matter different from what is expressed in the title. The law to be amended, being set out in the body of the act, though with a few words omitted therefrom, is adequately described, and

v 94-39

the new matter which the amendment introduces is clearly and correctly set forth. None of the objections urged to the constitutionality of the act are sustainable

2. As between attachments and an ordinary suit, the latter being commenced on the same day during which the attachments were levied, there is no fraction of a day. The date of levy and the date of commencing ordinary suit being one and the same, the two events are to be regarded as contemporaneous.

3. Where an ordinary suit is commenced, not after but concurrently with the levy of an attachment, that is on the same day, and judgment in the former is rendered before judgment in the latter, the older judgment has priority, and this priority is unaffected by the amending act above referred to, because consistent with its provisions.

4. For an attachment creditor to take the benefit of the said amending act, as against a judgment older than the one founded on the attachment, he must make it appear that the suit in which the elder judgment was rendered was commenced after the attachment was levied. The general rule being that the relative dates of judgments control the order and rank of their liens, the party who asserts that an exception applies in a particular instance must prove it.

*Judgment on the main bill of exceptions reversed in part; judgment on the cross-bill affirmed.*

June 30, 1894.

Interpleader. Before Judge LUMPKIN. Fulton superior court. September term, 1893.

On November 21, 1892, the Everett-Ridley-Ragan Co. petitioned for an attachment against Clark under section 3297 of the code, and caused summonses of garnishment to issue against the Phœnix Insurance Co. and the Maddox-Rucker Banking Co. Similar proceedings were taken by Kiser & Co. The attachments were levied on land on November 22, 1892; and the summonses of garnishment were served on the same day at half past nine o'clock. On the same day Silvey & Co. brought several suits against Clark in a justice's court, and on the next day caused summonses of garnishment to issue and be served on the bank and the insurance company. On December 17, 1892, Silvey & Co. obtained judgment in each of their suits, and executions issued six days

later, and were entered upon the general execution docket. On November 26, 1892, Branan Brothers sued Clark in the same justice's court, and obtained judgments on December 17, 1892, on which executions issued and were entered on the docket as in the Silvey cases. Upon a suit regularly brought to the same court Shropshire & Dodd obtained judgment against Clark on December 17, 1892, upon which execution issued and was likewise so entered on the docket. On October 31, 1893, judgments were rendered in the superior court in favor of the Everett-Ridley-Ragan Co. and Kiser & Co. upon their attachment suits, the judgments being general and also special as to the land levied upon. On November 16, 1893, executions issued upon these judgments, and were entered on the execution docket. The insurance company, which owed Clark a certain sum upon a loss by fire occurring on September 23, 1892, paid the fund into court and caused the parties before named to interplead. The case was submitted to the judge without a jury, and he held that the judgment of Shropshire & Dodd should be first paid, and the balance of the fund should be applied *pro rata* upon the judgments of Silvey & Co., Everett-Ridley-Ragan Co., and Kiser & Co., the judgment of Branan Brothers being postponed to all others contending. To this judgment Silvey & Co. and Branan Brothers excepted, and a cross-bill of exceptions was taken by the Everett-Ridley-Ragan Co. and Kiser & Co.

ROSSER & CARTER and C. T. ROAN, for Silvey & Co. *et al.* PAYNE & TYE, for Everett-Ridley-Ragan Co. *et al.*