## GILBERT *v.* GEORGIA RAILROAD & BANKING CO.

1. When in an act amending a section of the code there are stated in the first part of the act certain amendments to be made, and in the latter part of the act it is declared that the section as amended shall read in a certain way (setting it forth), none of the amendments referred to in the first part of the act become operative, save those alone which are contained in the recital in the latter part of the act as to how the section shall read as amended.

2. The act of the General Assembly of this State, approved December 20, 1892, amending section 3406 of the Code of 1882 (Acts 1892, p. 59), providing where railroad companies shall be sued, is not in conflict with that provision of the constitution which declares that civil cases shall be tried in the county where the defendant resides.

3. Nor is such act unconstitutional because it does not distinctly describe the law to be amended.

4. A suit against a railroad company filed in the county where the principal office of the corporation was located, by a plaintiff resident in that county, setting up a cause of action which originated in another county, was properly dismissed on demurrer, when there was no allegation that the corporation had no agent in the county where the cause of action originated.

Submitted January 24, — Decided June 7, 1898.

Action for damages. Before Judge Eve. City court of Richmond county. July term, 1897.

*E. T. Brown* and *E. B. Baxter*, for plaintiff.
*Joseph B. & Bryan Cumming*, for defendant.

COBB, J. Ella V. Gilbert brought suit in the superior court of Richmond county against the Georgia Railroad and Banking Company, for damages on account of personal injuries to her son caused by his being run over by a car of the defendant. The petition alleged that the plaintiff was a resident of

Richmond county, that the principal office of the defendant company was in the same county, and that the injuries occurred in the county of Columbia; but there was no allegation that the defendant did not have an agent in the latter county. The defendant demurred to the petition, on the ground that it appeared therefrom that the court had no jurisdiction of the cause of action, and that the suit should have been brought in the superior court of Columbia county. The demurrer was sustained, and the plaintiff excepted.

1. In 1892 the General Assembly passed the following act: "An act to be entitled an act to amend section 3406 of the Code, so as to define where certain actions shall be brought against railroad companies. Section 1. Be it enacted by the General Assembly of Georgia, that section 3406 of the code be, and the same is, hereby amended, by striking from the second line of said section the words 'liable to be,' and also by striking from said line the word 'any' and inserting in lieu thereof the word 'the,' and to add to the end of the section these words: 'Any judgment rendered in any other county than the one in which the cause originated shall be utterly void; *provided,* that said suits may be brought in the county where the principal office of said railroad company is located, if the plaintiff should reside in said county;' so that said section, when amended, shall read as follows: 'All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents or employees, for the purpose of recovering damages for such injuries; and also on all contracts made or to be performed in the county where suit is brought; any judgment rendered in any other county than the one in which the cause so originated shall be utterly void. But if the cause of action arises in a county where the railroad company has no agent, then suit may be brought in the county of the residence of such company.'" Section 2 repeals conflicting laws. Acts 1892, p. 59. In the Code of 1895 appears only that part of the act of 1892 which follows the expression "when amended, shall read as follows." Civil Code, § 2334. It clearly appears from this, that in the opinion of the codifiers

no part of the law took effect except that part which declared that the section should read in a certain way after it was amended, and that the proviso in the first part of the act never became the law. Under the view we take of the case, it is not necessary for us to determine whether the codifiers had author-ity to leave out of the code any part of this act if the same should have been properly carried therein, as we think the proviso left out never became effective. While in amending statutes it is proper to embrace in the first part of the amend-ing act, as declaratory of the intention of the General Assem-bly, what is to be the character of the amendment, still this part of the statute, which is merely declaratory of the legisla-tive intention, is not to be looked to as the final determination of the General Assembly. When a statute or section of the code to be amended is recited in the statute in its amended shape, and it is in express terms declared therein that when amended the old law shall read in a certain way, this declara-tion by the General Assembly, being the last expression of its intention as to what shall be the law of the State, absolutely controls where any conflict arises as to matter contained in this declaration of what the law shall be and what is set forth in the first part of the amending statute as declaratory of the leg-islative intention. If the declaratory part, which recites that certain amendments are to be made, is entirely omitted from the recital as to how the statute shall read when amended, it is to be presumed that it was the intention of the General As-sembly to omit from the new law that part of the amending statute which was not carried into the new law as recited in the statute, and that the failure to strike from the declaratory part of the law so much of it as was not to be embraced in the new law was by mistake or inadvertence. This being true, the proviso which is set forth in the first part of the act above quoted is no part of the law and was properly disregarded by the codifiers. In the case of Goodno *v.* City of Oshkosh, 31 Wis. 127, it was held that "where a statute provides that a specified section of a former statute 'shall be amended so as to read as follows,' etc., reciting the section in full as amended, any provision of such section not found in the new statute is

repealed." To the same effect also is the case of Moore v. Mausart, 49 N. Y. 332. See also State v. Andrews, 20 Tex. 230; Sutherland on Stat. Cons. § 137. These authorities clearly show that where an amending act recites that the old act as amended shall read in a certain way, such recital as to what the law shall be after the passage of the amended act abrogates everything in the old law which is not contained therein. While not directly in point, we think the principle of these decisions is applicable to the present case. If the recital of how the law shall stand after the amendment abrogates an existing law, much more would it be held that a new declaration of the legislative intention, contained in a clause in the first part of the act which is entirely omitted from the recital as to how the new law shall read, should never become operative.

2–4. It was contended that the act of 1892 was in violation of that provision in the constitution of this State which declares that "no law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code, § 5779. There is no point made on the title of this act, and it seems that the title is sufficient to embrace any amendment of the section named therein which is germane to the purpose stated in the title. Does the act distinctly describe the section of the code to be amended so as to plainly identify it? Construing the act as a whole, the number of the section, the change to be made in the wording as it appears in the first part of the act, the subject-matter of these changes, and the recital of how the act is to read after it is amended, there can be no doubt whatever as to what particular section of the code is intended to be affected by the amendment; and the section could be completely identified, and the amending act be made to relate to it, even if in the body of the act the number of the section had been entirely omitted. We do not think that the amending act is unconstitutional on the ground that was the subject of the attack in this case. See *Fite* v. *Black*, 85 *Ga.* 413; *Georgia So. Railroad Co.* v. *George*, 92 *Ga.* 760; *Silvey* v. *Phœnix Insurance Co.*, 94

*Ga.* 609; *Fullington* v. *Williams*, 98 *Ga.* 809, where the question is very fully discussed.

It was further contended that the act under consideration was unconstitutional because it violated that provision of the constitution which declares that "all other civil suits [except certain ones previously enumerated] shall be tried in the county where the defendant resides." Civil Code, § 5874. While the case of *Davis* v. *Railroad Co.*, 17 *Ga.* 323, is not directly in point, we think the principle at the foundation of that decision is controlling on this question. It was there held that the act of the General Assembly which permitted railroad companies to be sued in counties other than the county in which the principal office of the company was located was constitutional and valid, the ground upon which the decision was based being that the General Assembly had a right to declare what was the residence of all persons both natural and artificial. If the General Assembly could declare that a railroad company resided in every county through which its lines of road run, it was undoubtedly within its power to declare also that suits against railroad companies should be brought in the counties where the cause of action in each case arose. The constitutional provision simply prescribes that the suits must be brought in the county of the defendant's residence, and the whole subject of domicile and residence of persons both natural and artificial is left to be determined by the General Assembly.

The petition not alleging that there was no agent of the defendant in Columbia county, and the act of 1892 not being in violation of the constitution of the State in any way, there was no error in dismissing the petition, notwithstanding that there was an allegation that the plaintiff resided in the county in which the suit was brought, the same being the county where the principal office of the defendant was located.

*Judgment affirmed. All the Justices concurring.*