19824. THE LEDGER-ENQUIRER COMPANY *v.* BROWN.

ARGUED SEPTEMBER 10, 1957—DECIDED OCTOBER 11, 1957.

*Foley, Chappell, Kelly & Champion,* for plaintiff in error.

*Sell & Comer, Mallory C. Atkinson, Victor Davidson, Carlisle & Edwards, J. Douglas Carlisle, Randall Evans, Jr.,* for parties at interest.

*Carlton Brown, James H. Fort, Al Williams,* contra.

WYATT, Presiding Justice. The sole question involved in the instant case is the constitutionality of an act of the General Assembly passed in 1956 (Ga. L. 1956, pp. 4-6), which reads in part as follows: "Section 1. This Act shall apply to all corporations, foreign and domestic, engaged in publishing newspapers, magazines or periodicals having circulation in more than one county in this State.

"Section 2. Every such corporation shall be a resident of, and shall be deemed to be domiciled in each county within which the newspaper, magazine or periodical published by such corporation is circulated. Such newspaper, magazine or periodical

shall be deemed to be circulated in any county in which it is regularly delivered to more than fifty subscribers.

"Section 3. Any corporation referred to in Section one of this Act shall be subject to suit in any county in which the newspaper, magazine or periodical published by it is so circulated in any action for damages originating in such county, in the same manner as railroad and electric companies are subject to suit for damages in any county in which the cause of action originated. Any cause of action for libel shall be deemed to have originated in each county in which the libelous matter was published. . .''

Plaintiff in error attacks as unconstitutional each of the above-quoted sections and the act as a whole as unconstitutional for numerous reasons, as violating stated provisions of the Constitution of Georgia and of the Constitution of the United States. Among the attacks made upon the act in question, are that sections one, two, and three and the act as a whole are unconstitutional and void because violative of Art. I, Sec. IV, Par. I (Code, Ann., § 2-401) of the Constitution of Georgia, in that it is a special law on a subject where a prior general law exists; that the act violates Art. I, Sec. I, Par. II of the Constitution of Georgia, in that it denies to the plaintiff the impartial and complete protection of the law; and that said act violates Art. I, Sec. I, Par. III of the Constitution of Georgia, in that it denies to the plaintiff due process of law.

The question involved in this case under each of the above provisions is one of classification. It is clear that the legislature may, for purposes of legislation, classify, and may legislate with respect to, each classification. The power of the legislature to classify for the purposes of legislation, however, is not without limitation. The classification must be natural and not arbitrary. It must have a reasonable relation to the subject matter of the legislation, and must furnish some legitimate ground of differentiation. *Geele* v. *State*, 202 *Ga.* 381 (43 S. E. 2d 254, 172 A. L. R. 196). The legislation must be coextensive with and operate uniformly upon the entire class to which it is applicable.

The question in the instant case, therefore, is whether or not the classification the legislature has made in the act here involved is within the limitations placed upon the power of the legislature

to classify for purposes of legislation as stated above. While it has been held that it is a legislative power to declare the residence of corporations (*Davis* v. *Central R. & Bkg. Co.*, 17 *Ga.* 323; *Gilbert* v. *Georgia R. & Bkg. Co.*, 104 *Ga.* 412, 30 S. E. 673), when the legislature chooses to classify corporations for the purpose of declaring their residences, its classifications must fall within the limitations above set out.

Turning now to the act before us, it is apparent that the purpose of the act is to establish the venue in actions for damages against certain corporations and to fix the residences of such corporations for the purposes of such suits. The classification which the legislature has chosen to make is: corporations, publishing newspapers, magazines, and periodicals having a circulation in more than one county in this State. This classification is further limited by the definition of "circulation" as given in the act. The act provides: "Such newspaper, magazine or periodical shall be deemed to be circulated in any county in which it is regularly delivered to more than fifty subscribers." The question then resolves itself into whether or not the fact that a newspaper, magazine, or periodical regularly delivers its publication to more than fifty subscribers in a county is a sufficient basis for classification. In determining this question, it will be well to consider first some of the things the classification excludes. It, of course, excludes all publishers except corporations publishing newspapers, magazines, or periodicals. It excludes all corporations publishing newspapers, magazines, or periodicals which do not regularly deliver their publications to more than fifty subscribers in a county. It thus excludes all corporations which regularly sell their publications in a county to other than regular subscribers, regardless of the number of copies regularly sold in a county, whether fifty or any number greater or less. It excludes all such corporations which do not sell their publications, by subscription or otherwise, to more than fifty persons in a county. While the act might be construed to exclude additional publishing corporations, these are sufficient to show the very narrow scope of the classification made by the legislature in this act.

Having in mind the purpose of the act as previously stated, is there any reasonable relation of the classification made to the

purpose of the act, and is there any legitimate ground of differentiation between a corporation which publishes a newspaper, magazine, or periodical and regularly delivers it to more than fifty subscribers in a county, and such corporation which regularly sells its publication to more than fifty persons in a county by methods other than subscription? Obviously there is not. The defendant in error has advanced no reasonable basis for classification and no legitimate ground of differentiation for the purpose of establishing the residence of a corporation and establishing venue in a libel suit against a corporation which regularly delivers its publication to more than fifty subscribers in a county, and a corporation which regularly sells its publication to more than fifty persons in a county who are not subscribers, and we have discovered none. The harm done to the person libeled is just as great if the newspaper is regularly sold to more than fifty persons who are not subscribers as if it is regularly delivered to more than fifty subscribers. The method of distribution has no reasonable relation to the harm done to the person libeled. Likewise, a corporation which regularly sells its publication to more than fifty persons in a county who are not subscribers is doing business in said county to an extent at least as great as the corporation which regularly delivers its publication to more than fifty subscribers in a county. It appears, therefore, that there is no reasonable basis for the classification here made.

The act here involved makes reference to the act providing for suit against railroad and electric companies (Code § 94-1101), which has been held to be constitutional. There is one vital difference, however, between Code § 94-1101 and Ga. L. 1956, pp. 4-6. Code § 94-1101 is made applicable to "All railroad and electric companies," while the present act applies to a very narrow and restricted class of publishing corporations.

It therefore follows that the act under consideration is unconstitutional and void, and the court below was without jurisdiction of the plaintiff in error, and it was error to overrule the demurrers attacking the jurisdiction of the court and to deny the motion to dismiss the petition.

Under the rulings above made, it is not necessary to consider the other attacks made under the Constitution of the State of Georgia and of the United States.

*Judgment reversed.  All the Justices concur.  Duckworth, C. J., Candler and Hawkins, JJ., concur specially.*

DUCKWORTH, Chief Justice, concurring specially.  The opinion points out one solid reason why the basis of classification, to wit: 50 or more subscribers who receive the publication in the county, is arbitrary and void.  I believe we should point out all reasons why it is void, in order that future legislatures might be fully informed.  In *Geele* v. *State,* 202 *Ga.* 381 (43 S. E. 2d 254, 172 A. L. R. 196), a fire-protection statute, contained a classification making it applicable to hotels and inns charging guests $2 per day and more, was by this court held unconstitutional because the classification was arbitrary and the basis had no bearing upon the purpose of the law, which was to protect from the hazards of fires.  That ruling controls the instant case.  The classification by this act of publishing corporations on the basis of 50 or more subscribers in a county to whom the publication goes, and making it applicable to those only and inapplicable to those having one or more up to fifty such subscribers, is clearly arbitrary and bears no relation to the purpose of the act, which is to fix the domicile of such corporations and the venue of suits for tort against them in such counties.  Every conceivable legitimate reason for fixing domicile and venue of suits against publishing corporations that applies to those with 50 or more subscribers applies, for the same reason, to those who have one subscriber or reader in that county, from the standpoint of the injured person or the publisher.  The need to sue, the liability to suit, the convenience of either, and the expense of either in such suits is wholly unaffected by the number of subscribers.  Indeed, the extent of the injury or cause of action is unaffected by the number of subscribers.  Therefore no arbitrary classification upon a basis of the number receiving the publication by whatever manner can be held valid under the Constitution.

For the reasons here stated, together with those in the opinion, I concur in the judgment.  I am authorized to state that Candler and Hawkins, JJ., concur in this special concurrence.