21752. SIMPSON et al. v. THE STATE.

Argued September 14, 1962—Decided October 1, 1962.

*Buchanan, Edenfield & Sizemore, Newell Edenfield,* for plaintiffs in error.

*Paul Webb, Solicitor General, J. Walter LeCraw, Assistant Solicitor General,* contra.

DUCKWORTH, Chief Justice. While the demurrer attacks the indictment upon many grounds including constitutional attacks upon the statute (Ga. L. 1956, p. 801; *Code Ann.* § 26-6301), a decision on the attack upon the law which asserts that it offends Art. I, Sec. I, Par. II of the Constitution of Georgia (*Code Ann.* § 2-102) which provides that, "Protection to person and property is the paramount duty of government, and shall be impartial and complete," will dispose of the case. The invoked clause of the Constitution interdicts discrimination in laws. It demands uniformity and impartiality and hence, forbids discrimination. But it is well established law by decisions of this court that this clause of the Constitution allows classification by legislation when and only when the basis of such classification bears a direct and real relation to the object or purpose of the legislation, and when thus classified, uniformity upon all those coming within the class satisfies the Constitution. *Coy v. Linder,* 183 Ga. 583 (189 SE 26); *Carmichael v. Atlanta Gas-Light Co.,* 185 Ga. 34 (193 SE 896); *Geele v. State,* 202 Ga. 381 (43

SE2d 254, 172 ALR 196); *The Ledger-Enquirer Co. v. Brown,* 213 Ga. 538 (100 SE2d 166). To the same effect see 16A CJS 239, § 489. The cited decisions make it crystal clear that an arbitrary classification, where there exists no real difference as concerns the purpose of the legislation, is not allowed and constitutes a violation of the Constitution notwithstanding an arbitrary attempt to classify and then discriminate as between those in the different classifications. We now look to the law under attack and test it by the foregoing standards. We quote the act in its entirety as follows: "Any person who shall bring, or cause to be brought, into this State for sale, exhibition, or shall sell or offer to sell, or shall lend or give away or offer to lend or give away, or who shall possess or having possession thereof, shall knowingly exhibit or transmit to another any indecent, immoral or obscene pictorial newspaper, book, pamphlet, magazine, newspaper, film, picture, recording or other printed paper or obscene matter principally made up of pictures, stories or sounds of deeds of lust tending to debauch the morals, or shall advertise any of said articles or things for sale, by any form of notice, printed, written, or verbal, or shall manufacture, draw, or print any of said articles, with intent to sell or expose or to circulate the same, shall upon conviction, be punished by confinement and labor in the penitentiary for not less than one nor more than five years. However, upon the recommendation of the jury, said offense may be punished as for a misdemeanor. Provided, that any legitimate or licensed radio station, television station, moving picture theater, or newspaper, published primarily for the distribution of public news, shall be exempt from the provisions of this Act."

The indisputable purpose of the law is to prevent injury to the public which would result from the making, importation, possessing, advertising, selling or giving away any of the obscene materials covered by the law. No rational distinction can be found between the evils which the act seeks to prevent that would flow from the handling in the manners forbidden of the obscene materials by those to whom the law is applicable or those whom the law exempts from its operation; therefore no justification or reason exists for the classification which is the

rankest sort of discrimination. Therefore, the exemption renders the law under which this indictment is drawn offensive to the invoked clause of the Constitution, and for that reason the act is unconstitutional and void.

The court erred in overruling the demurrer containing this ground of attack and in refusing to dismiss the indictment.

*Judgment reversed. All the Justices concur, except Head, P. J., who dissents.*