## 30128. CITIZENS & SOUTHERN NATIONAL BANK v. MANN et al.

UNDERCOFLER, Presiding Justice.

Citizens and Southern National Bank filed a complaint against Lewis F. Mann and Katherine E. Mann. The complaint alleged that the defendants had unconditionally guaranteed the full and prompt payment of all obligations of a Georgia corporation known as Structural Exchange, Inc., up to $100,000 in principal, plus interest and collection expenses; that the obligations of the corporation have not been paid despite repeated demands; and that the complainant have judgment against the defendants for $100,000 principal, plus interest and collection expenses. The defendants filed an answer raising defenses to the suit. The defendant, Katherine E. Mann, also defended on the ground that she signed the "guaranty" agreement solely as an accommodation to her husband and without any

consideration whatever to her; that she has never owned any interest in the corporation; that the contract was executed for the sole purpose of attempting to bind her separate estate for any debts of her husband which might arise under the contract; and that the contract is not binding on her.

Katherine E. Mann also raised numerous constitutional objections to the 1969 amendment (Ga. L. 1969, p. 72) to Code § 53-503.

Katherine E. Mann moved for a summary judgment in her favor on the ground that no genuine issue as to any material fact existed. She attached an affidavit to the motion which alleges that she is a married woman; that she owns a substantial estate which consists mostly of real property and interests therein; that she signed the "guaranty" agreement solely as an accommodation to her husband for any indebtedness arising against him thereunder and as surety for him on the instrument; that she has at no time been an officer, director, employee, stockholder or creditor or otherwise had any financial interest in the corporation; that she has received none of the proceeds of the money loaned the corporation; that she has not received any funds from the corporation; and that she received no consideration whatever, directly or indirectly, for signing the "guaranty" agreement.

In opposition to the motion an employee of the bank by affidavit stated that the reason the bank insisted on both Lewis and Katherine Mann executing the "guaranty" was because the financial statement submitted by them was a joint financial statement; that some of the property listed was presumably jointly owned and some individually owned by them; that it is common banking practice to obtain the unconditional "guaranty" of both husband and wife in such cases; and that Lewis Mann was represented to be a director of the corporation.

The case involves a wife's ability to bind her separate estate by a contract of suretyship or by an assumption of the debts of her husband. The principal issue is the constitutionality of Code § 53-503 as amended by Ga. L. 1969, pp. 72, 73. It provides, "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied

with. The wife may not bind that portion of her separate estate which is composed of tangible personal property by any contract of suretyship or by any assumption of the debts of her husband. The sale of any portion of her separate estate which is composed of tangible personal property to a creditor of her husband in extinguishment of his debts shall be absolutely void."

The trial court held the said amendment unconstitutional upon various grounds hereafter discussed. It then applied Code § 53-503 as it existed prior to the 1969 amendment. It concluded the wife's contract therefore was void and none of her property was subject thereto. It granted her motion for summary judgment. This appeal followed. *Held:*

1. Katherine E. Mann contends that she executed the "guaranty" agreement for the sole purpose of attempting to bind her separate estate for any debts of her husband and her separate property is not liable for the debts of her husband under the provisions of Art. IV, Sec. V, Par. I of the Georgia Constitution of 1945 (Code Ann. § 2-2801). The trial court held that the separate property of Katherine E. Mann was not liable for the debts of her husband under this constitutional provision.

Art. IV, Sec. V, Par. I of the Georgia Constitution provides: "All property of the wife at the time of her marriage, and all property given to, inherited or acquired by her, shall remain her separate property, and not be liable for the debts of her husband." The Married Woman's Act became law in Georgia in 1866 (Ga. L. 1866, pp. 146, 147). This Act was continued of force and embodied as a part of the organic law of the state by the Constitution of 1868 (Art. VI, Sec. II; Code § 1754); Constitution of 1877 (Art. III, Sec. XI, Par I; Code § 2-2201); and in the 1945 Constitution quoted above. The Married Woman's Act of 1866 now appears as Code § 53-502.

"While this provision of the fundamental and of the statute law does not divest any right of property that had vested in husbands by virtue of the marriage relation, it lays down an entirely new rule for the future, and vests in the wife absolutely, free from the debts of her husband, all property which she may possess at the time of a marriage

contract since the rule was changed, and all that may be given to, inherited, or acquired by her. . . Husband and wife are no longer a unit, one person in law, with all the property vested in the husband as the head of the family, and subject to his debts. . ." *Huff v. Wright,* 39 Ga. 41, 43.

The Married Woman's Act of 1866, now Code § 53-502, and the above constitutional provisions constitute women as "feme soles." It does not restrict an assumption of debts of their husbands. This restriction as well as the restriction as to suretyship is statutory and appears in Code Ann. § 53-503. See McElreath on the Constitution of Georgia, 1912, p. 166, § 119.

The trial court erred in holding that Katherine E. Mann was not liable for the debts of her husband under Art. IV, Sec. V, Par. I of the 1945 Georgia Constitution.

2. Before the 1969 amendment, Code § 53-503 provided that, "while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void."

Katherine E. Mann contends that the 1969 amendment to Code § 53-503 violates the due process and equal protection provisions of the State and Federal Constitutions (Code §§ 2-102, 2-103, 1-815) because it undertakes to remove from the protection of the Code section married women whose separate estates consist wholly or in part of real and/or intangible personal property while affording the protection of its provisions to other married women whose separate estates consist of tangible personal property since there is no rational basis for such distinction on the basis of the nature and characteristics of the property and assets comprising their respective separate estates.

It is well established law by decisions of this court that the equal protection clause of the Constitution allows classification by legislation when and only when the basis of such classification bears a direct and real relation to the object or purpose of the legislation, and when thus classified, uniformity upon all those coming within the class satisfies the Constitution. *Coy v. Linder,* 183 Ga. 583

(189 SE 26); *Carmichael v. Atlanta Gas-Light Co.,* 185 Ga. 34 (193 SE 896); *Geele v. State,* 202 Ga. 381 (43 SE2d 254, 172 ALR 196); *Ledger-Enquirer Co. v. Brown,* 213 Ga. 538 (100 SE2d 166); *Simpson v. State,* 218 Ga. 337 (127 SE2d 907). "A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it." Metropolitan Cas. Ins. Co. v. Brownell, 294 U. S. 580, 584 (55 SC 538, 79 LE 1070); *Dixie-Ohio Express Co. v. State Revenue Commn.,* 186 Ga. 228, 234 (197 SE 887), affd. 306 U. S. 72 (59 SC 435, 83 LE 495).

Katherine E. Mann contends that no rational basis exists for protecting only married women with tangible personal property because married women with real and intangible property also need the protection of Code § 53-503. There is no merit in this contention. "By the 1969 amendment Georgia followed the lead of many other states tending to remove a woman's contractual disability and clearly provided that with the exception of the pledge or sale or levy upon tangible personal property, the sex or marital status of the parties is completely irrelevant." *Judson v. Duran,* 231 Ga. 206 (1) (200 SE2d 872). Thus the legislature emancipated married women by removing their contractual disabilities for business purposes by allowing them to freely contract except for the pledge or sale or levy of their tangible personal property. We believe this is a rational basis for distinguishing between the real and intangible property of married women and their tangible personal property.

The 1969 amendment to Code § 53-503 does not violate the equal protection provisions of the State and Federal Constitutions.

Since the classification complained of complies with the requirements as to the equal protection of the laws, it amounts to due process of law. *McLennan v. Aldridge,* 223 Ga. 879 (5) (159 SE2d 682).

The trial court erred in holding that the 1969 amendment to Code § 53-503 violates the equal protection and due process provisions of the State and Federal Constitutions.

3. Katherine E. Mann also contends that the 1969 amendment to Code § 53-503 is unconstitutional because

it violates the uniformity provision of the Georgia Constitution (Code Ann. § 2-401) in that "it undertakes to classify married women whose separate estates consist of real property and/or intangible personal property differently from married women whose separate estates consist of tangible personal property with regard to their liability on contracts of suretyship and for assumption of debts of their husbands, which classification is totally arbitrary, capricious and unreasonable and would have the effect of interfering with uniform operation throughout the State of a general law enacted for the protection of the separate estates of all married women, who comprise a single, irreducible classification as to which such law must operate."

"Our state Constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters, or things which it is intended to affect. If it operates alike on all who come within the scope of its provisions, constitutional uniformity is secured. Uniformity does not mean universality. This constitutional provision is complied with when the law operates uniformly upon all persons who are brought within the relations and circumstances provided by it. *Crovatt v. Mason,* 101 Ga. 246 (28 SE 891)." *Cooper v. Rollins,* 152 Ga. 588, 592 (110 SE 726); *Murphy v. West,* 205 Ga. 116 (1) (52 SE2d 600). A law which operates uniformly upon all persons of a designated class is a general law within the meaning of the Constitution, provided that the classification thus made is not arbitrary or unreasonable. *McGinnis v. Ragsdale,* 116 Ga. 245 (3) (42 SE 492). We hold that the 1969 amendment to Code § 53-503 operates uniformly on all married women whose separate estates consist of real property and/or intangible personal property and on all married women whose separate estates consist of tangible personal property.

The trial court erred in holding that the 1969 amendment to Code § 53-503 was unconstitutional because it offended the uniformity provision of the Georgia Constitution.

4. In *Wolkin v. National Acceptance Co.,* 222 Ga. 487 (150 SE2d 831) this court in a unanimous decision held that where a married woman signs a contract agreeing to

be liable for the debts of another and there is undisputed evidence that no new, separate and independent consideration flowed to her, the contract is one of suretyship and not guaranty. The contract in this case is one of suretyship.

*Judgment reversed. All the Justices concur. Nichols, C. J., disqualified.*

ARGUED JULY 10, 1975 — DECIDED SEPTEMBER 2, 1975.

*Alston, Miller & Gaines, W. T. Walsh, William Rothschild,* for appellant.

*Heyman & Sizemore, W. Dan Greer, Patrick L. Swindall,* for appellees.

*Kenneth G. Levin,* amicus curiae.