## 33896. ANDERSON v. LITTLE & DAVENPORT FUNERAL HOME, INC.

BOWLES, Justice.

The appellant, Elaine Myers Anderson, fainted and collapsed while grocery shopping. Appellee, Little & Davenport Funeral Home, Inc., was called and requested to send an ambulance to appellant's aid. While awaiting the ambulance's arrival, appellant was administered cardiopulmonary resuscitation by employees of the grocery store. When appellee's ambulance arrived, the resuscitation procedure was terminated. Two of appellee's employees placed appellant on a stretcher and into the ambulance. An oxygen mask was placed over appellant's face by one of appellee's employees. Appellant was transported to a nearby hospital for medical care. As a result of oxygen starvation, appellant suffered anoxia to her brain and entered a permanent coma.

Appellant, by her husband as next friend, filed an action for personal injuries and damages against the appellee alleging that the appellant's injuries were solely, directly and proximately caused by appellee's negligence, acting by and through its employees and agents. Appellee filed an answer which denied the allegations of the complaint and incorporated therein a motion to dismiss for failure to state a claim for which relief could be granted. Appellee's motion to dismiss was based upon the provisions of Code Ann. § 88-3114 which reads as follows: "Any person including agents and employees, who is licensed to furnish ambulance service and who in good faith renders emergency care to a person who is a victim of

an accident or emergency shall not be liable for any civil damages to such victim as a result of any act or omission by such person in rendering such emergency care to such victim." Ga. L. 1972, pp. 626, 633. The trial court found this code section to be controlling in the case and dismissed the appellant's complaint.

Appellant appeals challenging the constitutionality of Code Ann. § 88-3114. For the purpose of this appeal, the parties have stipulated that the appellee was a duly "licensed" ambulance service and acted in "good faith" in rendering emergency care to the appellant, thus bringing the appellee under the protection of the statute.

1. Appellant contends that Code Ann. § 88-3114 is unconstitutionally vague, indefinite and uncertain in meaning in that the words "good faith," "emergency" and "emergency care" are not properly defined in the statute thus providing no guidance in determining eligibility under its provisions.

"It is a general principle of statutory law that a statute must be definite and certain in its provisions to be valid, and when it is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law." *City of Atlanta v. Southern R. Co.,* 213 Ga. 736, 738 (101 SE2d 707) (1958).

Although a statute does not undertake to define each of the words contained therein, this will not automatically render the statute vague, indefinite or uncertain in meaning since, "The ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject matter. . ." Code Ann. § 102-102 (1).

Chapter 88-31 of the "Georgia Health Code" (Code Ann. § 88-101 et seq.) entitled "Ambulance Service," contains a section wherein words connected with the subject matter of the Act are defined. Code Ann. § 88-3101. The words "good faith," "emergency" and "emergency care," as used in Code Ann. § 88-3114, are not defined in Code Ann. § 88-3101 since these words are not words of art or words connected with a particular trade or subject matter but, rather, words that are in general use and are understood in their ordinary signification.

Webster defines "good faith" as "a state of mind indicating honesty and lawfulness of purpose; belief that one's conduct is not unconscionable or that known circumstances do not require further investigation."

"Emergency" is defined by Webster as "an unforeseen combination of circumstances or the resulting state that calls for immediate action; a pressing need; exigency." See *Seaboard A. L. R. v. McMichael,* 143 Ga. 689, 695 (85 SE 891) (1915).

The definition of "care" as found in Webster is to "provide for or attend to needs or perform necessary personal services (as for a patient or a child)." In its ordinary signification "emergency care" could only mean the performance of necessary personal services during an unforeseen circumstance that calls for immediate action.

We find Code Ann. § 88-3114 to be definite and certain in its meaning. Men of common intelligence would not differ as to the application of its provisions. For these reasons, appellant's enumeration of error is without merit.

2. Appellant next contends that Code Ann. § 88-3114 violates the due process and equal protection clauses of the State and Federal Constitutions (Code Ann. §§ 2-102, 2-103, 1-815) in that the only purpose served by the statute is to deprive appellant of the right to recover damages for personal injuries proximately caused by appellee's negligence. Appellant argues that Code Ann. § 88-3114 serves no public purpose other than to benefit the appellee's private interests, and is, therefore, a violation of the due process and equal protection guarantees of the Constitution.

The equal protection clause of the Constitution allows classification by legislation so long as the basis for such classification bears a reasonable relation to the purpose and objects of the legislation and so long as the legislation operates alike on all persons similarly situated. *C & S Nat. Bank v. Mann,* 234 Ga. 884 (2) (218 SE2d 593) (1975); *Simpson v. State,* 218 Ga. 337 (127 SE2d 907) (1962); *Ledger-Enquirer Co. v. Brown,* 213 Ga. 538 (100 SE2d 166) (1957). "A classification having some reasonable basis does not offend against that clause

merely because it is not made with mathematical nicety, or because in practice it results in some inequality. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. One who assails such law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." *Gibbs v. Milk Control Board,* 185 Ga. 844, 850 (196 SE 791) (1938); *C & S Nat. Bank v. Mann,* supra, at 888.

Code Ann. § 88-3114 was enacted as a part of a comprehensive Act to provide the citizens of this state with efficient, safe and professional ambulance service. Chapter 88-31 sets high standards for licensing the providers of ambulance service and provides for enforcement and regulation of those standards through administrative action. Code Ann. § 88-3101 et seq. Once licensed, the providers of ambulance service are granted immunity from civil liability under the provisions of Code Ann. § 88-3114, provided, however, emergency care is rendered in "good faith." The statute is carefully drawn so as to grant immunity to providers of ambulance service only for their acts and omissions "in rendering such emergency care." The legislature saw fit not to extend immunity to the negligence of an ambulance driver resulting from motor vehicle accidents.[1]

In providing the immunity found in Code Ann. § 88-3114 it appears that the General Assembly recognized that insurance for civil liability covered by the exemption would be extremely expensive and difficult to obtain. This problem, combined with the virtually unlimited potential civil liability, could be enough to drive many providers of ambulance service out of the business and greatly discourage others from entering. The effect, in many areas of the state, would be to make emergency ambulance service virtually unobtainable. In recognition of this, the legislature chose to grant immunity from civil

---

[1]Code Ann. § 88-3104.1 requires motor vehicle insurance as a condition of licensing.

liability to providers of such emergency services who were licensed under the Act.

Code Ann. § 88-3114 does not unfairly discriminate against the appellant. The statute is uniform in that it treats all persons who receive emergency medical treatment from the providers of a licensed ambulance service in the same way. We find that Code Ann. § 88-3114, being reasonable and nondiscriminatory, does not violate the equal protection clauses of the State and Federal Constitutions.

Since Code Ann. § 88-3114 complies with the requirements as to equal protection of the laws, it amounts to due process of law. *McLennan v. Aldredge*, 223 Ga. 879 (5) (159 SE2d 682) (1967); *C & S Nat. Bank v. Mann*, supra.

3. We have examined the other errors enumerated by appellant and find no merit in any of them.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who concurs in the judgment and Hall, J., who dissents.*

ARGUED SEPTEMBER 12, 1978 — DECIDED NOVEMBER 22, 1978— REHEARING DENIED DECEMBER 20, 1978.

*Ross & Finch, Baxter H. Finch, Charles E. McCranie, Smith, Cohen, Ringel, Kohler & Martin, Ralph H. Hicks,* for appellant.

*Kenyon, Hulsey & Oliver, J. D. Smith, Jr.,* for appellee.

HILL, Justice, concurring.

I concur in the opinion and judgment of the court. I believe, however, that it should be pointed out that most complaints against ambulance operators would not, by virtue of Code Ann. § 88-3114, be dismissed on motion. Here, the granting of the motion to dismiss is affirmed because the parties have stipulated that the defendant acted in good faith. In most instances the question of good faith would not be stipulated and it would have to be decided at trial. What degrees and kinds of negligence constitute good or bad faith remain to be decided.

HALL, Justice, dissenting.

The trial court dismissed the appellant's petition for failure to state a claim for relief. It is elementary that under the CPA a petition can not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Code Ann. § 81A-112 (b). The plaintiff in this case stipulated that the ambulance service acted in "good faith." Code Ann. § 88-3114 has a good faith requirement and further grants to the providers of ambulance services some immunity. The issue for this court is whether this immunity exempts ambulance services from liability for only ordinary negligence (failure to exercise due care) or whether this immunity extends the exemption from liability to acts of gross negligence or wanton misconduct.[1] The majority opinion equates "good faith" with a standard of care and gives to ambulance services a total, blanket immunity. I disagree. That the ambulance service acted in good faith does not mean that the service was non-negligent. A person may exercise good faith and still be negligent. "An act or omission may constitute negligence, even though the person charged acted according to his best judgment or in good faith." 65 CJS 472, Negligence, § 2 (8). This is the law of Georgia. *Western & A. R. Co. v. Vaughan,* 113 Ga. 354 (3) (38 SE 851) (1901). The good faith requirement in the statute is a requirement that the ambulance service must meet before it may take advantage of the statutory immunity; however, the good faith requirement does not reveal to what extent and to which standard of care the statutory immunity applies. I interpret Code Ann. § 88-3114 as an immunization only from the failure to exercise ordinary care. Exculpatory statutes, like exculpatory agreements, should be strictly construed. See *Ins. Co. of N. A. v. Gulf Oil Corp.,* 106 Ga. App. 382 (127 SE2d 43) (1962).

---

[1]Ordinary negligence — Code § 105-201; gross negligence — Code § 105-203; wanton negligence — *Carr v. John J. Woodside Storage Co.,* 217 Ga. 438 (123 SE2d 261) (1961).

In my opinion, the petition here states a claim for relief because the ambulance service may have been grossly negligent. The trial court erred in sustaining a motion to dismiss. I agree with the majority opinion that the statute has no constitutional infirmity.