## A00A0878. BIXLER v. MERRITT et al.
### (534 SE2d 837)

BARNES, Judge.

Janet Bixler sued Lisle Merritt and David Glover, individually and as employees of DeKalb County, alleging she suffered damages because the two emergency medical technicians failed to take her to the hospital after responding to her 911 call. Bixler alleged that the defendants failed to perform ministerial duties, acted in bad faith, and acted outside the scope of their authority. The trial court granted the defendants' motion for summary judgment, and Bixler appeals. Pretermitting the official immunity issues, we affirm because Merritt and Glover are entitled to immunity under OCGA § 31-11-8.

Under OCGA § 9-11-56 (c), the trial court should grant summary judgment when no issue of material fact remains to be decided and the movant is entitled to judgment as a matter of law. We review de novo a grant of summary judgment, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592-593 (472 SE2d 140) (1996).

OCGA § 31-11-8 provides that:

[a]ny person, including agents and employees, who is licensed to furnish ambulance service and who in good faith renders emergency care to a person who is a victim of an accident or emergency shall not be liable for any civil damages to such victim as a result of any act or omission by such person in rendering such emergency care to such victim. . . . (c) The immunity provided in this Code section shall apply only to those persons who perform the aforesaid emergency services for no remuneration.

The parties do not dispute that Merritt and Glover were employees of DeKalb County, which was licensed by the State of Georgia to provide ambulance services. We have concluded previously that, although the county charged fees to defray a portion of the costs of the services provided, those fees did not constitute remuneration. *Thomas v. DeKalb County*, 227 Ga. App. 186, 189 (2) (489 SE2d 58) (1997); *Ramsey v. City of Forest Park*, 204 Ga. App. 98, 100-101 (2) (d) (418 SE2d 432) (1992). Therefore, if the defendants rendered emergency care to Bixler in good faith, they are entitled to immunity from Bixler's claims.

Bixler claims that a question of fact exists on whether the defendants acted in good faith because she told them she was having chest pains, and they failed to follow DeKalb County policy and directives which provided that a patient with chest pains must be transported to the hospital. The defendants deny that Bixler said anything

about chest pains; Bixler thus argues that a genuine issue of material fact exists for the jury to determine.

In determining the constitutionality of the predecessor to OCGA § 31-11-8, the Supreme Court of Georgia defined "good faith" as "a state of mind indicating honesty and lawfulness of purpose; belief that one's conduct is not unconscionable or that known circumstances do not require further investigation," and concluded that the Code section was not unconstitutionally vague. *Anderson v. Little & Davenport Funeral Home*, 242 Ga. 751, 753 (1) (251 SE2d 250) (1978).

We have noted that the policy considerations underlying the immunity provided by OCGA § 31-11-8 would be undermined if we conclude that the issue of determining "good faith" is always a jury question.

> Such an application would force all emergency care providers protected by the statute to incur the substantial costs associated with defending an action through trial, which itself could be enough to drive many providers of ambulance service out of the business and greatly discourage others from entering.

(Citation and punctuation omitted.) *Thomas v. DeKalb County*, supra, 227 Ga. App. at 189. Therefore, on a motion for summary judgment, we closely scrutinize evidence of whether a defendant acted in good faith.

In *Thomas*, the defendants disputed the plaintiffs' evidence that no heavy furniture blocked the paramedics' path to the patient, that the patient was gasping for air after they made her walk to the door, and that after she became unconscious, they pushed her 30 feet down the driveway before administering any medical treatment. Id. at 187-188.

Here, assuming Bixler's assertions regarding what she told the emergency medical technicians are true, she has presented no evidence that the defendants believed their conduct was unconscionable or that the circumstances required further investigation. "Even if the paramedics exercised bad judgment and acted negligently, such does not amount to a lack of good faith." *Thomas v. DeKalb County*, supra, 227 Ga. App. at 190. Accordingly, the trial court did not err in granting summary judgment to the defendants. *Anderson v. Little & Davenport Funeral Home*, supra, 242 Ga. at 753; *Thomas v. DeKalb County*, supra, 227 Ga. App. at 190.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 18, 2000

*McKinney & Salo, Sonja L. Salo,* for appellant.

*Jonathan A. Weintraub, Joan F. Roach, Howard W. Indermark,* for appellees.